**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 14, 2009

Charles R. Fulbruge III
Clerk

No. 08-51055
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICARDO SALAMANCA-ROSAS, also known as Eric Gaytan-Perez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-1801-ALL

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ricardo Salamanca-Rosas appeals the sentence imposed following his guilty plea conviction for illegal reentry into the United States in violation of 8 U.S.C. § 1326. He argues that there was insufficient evidence to establish that he had prior drug related convictions in Oregon and California. We VACATE and REMAND.

We review a district court's application of the Sentencing Guidelines *de novo*; relevant factual findings are reviewed for clear error. *United States v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). The Government bears the burden of proving by a preponderance of the relevant and reliable evidence the facts supporting a sentencing enhancement, including prior convictions. *United States v. Rodriguez*, 523 F.3d 519, 524 (5th Cir. 2008). A district court's determination that a particular prior conviction is usable in calculating a criminal history score is a legal question. *Cisneros-Gutierrez*, 517 F.3d at 764.

Salamanca-Rosas has not shown error in determining that he had three prior Oregon convictions for delivery of a controlled substance. Although the defendant's name in the supporting documents for two of the convictions is spelled without the final "s" (Salamanca-Rosa), all three cases give a date of birth and SID number for the defendant. The current Presentence Report (PSR) includes the same date of birth and SID number for Salamanca-Rosas. The defendant has not asserted that these are incorrect.

The district court was not clearly in error in concluding that Salamanca-Rosas had three prior Oregon convictions for delivery of a controlled substance.

The district court, however, erred in using the prior California conviction to calculate Salamanca-Rosas's criminal history. The Government may use the sort of reports attached to this PSR to show prior convictions. *See United States v. Neri-Hernandes*, 504 F.3d 587, 591 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 1106 (2008). The problem, though, is the absence of proof that the person named in the 1997 California judgment, Eric Perez, is the defendant here. *See United States v. Floyd*, 343 F.3d 363, 372 (5th Cir. 2003) ("[T]here must be an acceptable evidential basis for the court's factfindings at the sentencing hearing."). Neither the information contained in the criminal complaint nor the documentation attached to the PSR as Exhibit D establish that Salamanca-Rosas is the same person who was convicted in the 1997 California judgment of conviction under the name of Eric Perez. Therefore, the district court erred in using this

conviction to calculate Salamanca-Rosas's criminal history category. *See Cisneros-Gutierrez*, 517 F.3d at 764.

Because Salamanca-Rosas's objection was preserved at trial, we review the record *de novo* to determine whether the district court's error was harmless. *United States v. Lopez-Urbina*, 434 F.3d 750, 765-66 (5th Cir. 2005). An "error is harmless only if it did not affect the selection of the sentence imposed." *Id.* at 765 (internal quotation marks and citation omitted). The Government, as the party seeking to uphold the sentence, bears the burden of demonstrating that the error was harmless. *Id.*

Without the three points assigned to the California conviction, Salamanca-Rosas's criminal history score would have been 9, rather than 12. A criminal history score of 9 would have resulted in a criminal history category of IV, rather than V. Taking these adjustments into account, Salamanca-Rosas's total offense level of 21 and his adjusted criminal history category of IV would have resulted in an advisory guideline range of 57 to 71 months, rather than 70 to 87 months. Because the district court's error affected the selection of the sentence imposed, the error was not harmless. *Id.* Therefore, Salamanca-Rosas's sentence is vacated, and the case is remanded to the district court for resentencing.

However, this absence of evidence in the appellate record does not bar the same prior conviction from being used at resentencing, if the Government can prove the necessary identity.

Salamanca-Rosas argues that the district court erred in imposing a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A) based on his prior Oregon conviction for delivery of a controlled substance. He argues that under Oregon law the definition of "delivery" includes attempted transfer, and because it is unclear whether his conviction was for attempted transfer, the conviction does not constitute a drug trafficking offense under Section 2L1.2.

The Oregon statute at issue prohibits the manufacture or delivery of a controlled substance. Ore. Rev. Stat. Ann. § 475.992(1). The term "delivery" is defined as "the actual, constructive or attempted transfer, . . . from one person to another of a controlled substance." *Id.* § 475.005(8).

Salamanca-Rosas has not shown that the district court erred in imposing a 16-level enhancement under Section 2L1.2(b)(1)(A) based on his prior Oregon conviction for delivery of a controlled substance. The statutory language of Section 475.992 does not include conduct that falls outside the definition of a drug trafficking offense under Section 2L1.2. The application notes to Section 2L1.2 expressly provide that "[p]rior convictions counted under subsection (b)(1) include the offenses of aiding and abetting, conspiring, and attempting, to commit such offenses." U.S.S.G. § 2L1.2 cmt. n.5. Moreover, the Ninth Circuit has affirmed a 16-level sentence enhancement under Section 2L1.2(b)(1)(A) based on an Oregon conviction for delivery of a controlled substance under Section 475.992. *United States v. Chavaria-Angel*, 323 F.3d 1172, 1177-78 (9th Cir. 2003). We find its reasoning persuasive. The district court did not err in imposing this 16-level sentencing enhancement.

The sentence is vacated, and the case is remanded to the district court for resentencing. On remand, the Government should be permitted to supplement the record with additional documents regarding Salamanca-Rosas's California conviction to support the sentence it urges.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.