# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2013

No. 11-41412

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ERIC ESTUARDO LOPEZ-CANO

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
U.S.D.C. No. 5:11-cr-00706

Before DAVIS, GRAVES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Defendant Eric Estuardo Lopez-Cano appeals his sentence after a guilty plea to illegal reentry by a previously deported alien, challenging the enhancements for a prior drug trafficking offense and prior aggravated felony, as well as the imposition of a term of supervised release when he is an alien likely to be removed following his sentence. Based on our conclusion that the government failed to establish by a preponderance of the relevant and sufficiently reliable evidence that Lopez-Cano's prior California conviction

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-41412

qualifies for the drug trafficking enhancement, we vacate Lopez-Cano's sentence and remand for resentencing.

I.

Lopez-Cano pleaded guilty to illegal reentry by a previously deported alien. In the pre-sentence report (PSR), the probation officer initially calculated Lopez-Cano's guidelines range as 0 to 6 months and the guidelines range for supervised release as one year. In a supplemental addendum to the PSR, the probation officer recalculated Lopez-Cano's sentencing range as 30 to 37 months due to the imposition of a 12-level drug trafficking enhancement under § 2L1.2. The addendum also noted that Lopez-Cano was subject to the penalty provisions set forth in § 1326(b)(2) and that the guidelines range for supervised release was two to three years. The enhancement was based on Lopez-Cano's prior California conviction for possessing for sale a controlled substance, i.e., methamphetamine. Lopez-Cano objected to the supplemental addendum, arguing only that the 12-level enhancement was not warranted because the documents supporting the enhancement, a felony complaint and a docket sheet, were insufficient under *Shepard v. United States*, 544 U.S. 13 (2005).

Sentencing was held on December 27, 2011. With respect to the 12-level enhancement, the Government submitted an additional document, a certified case summary. Lopez-Cano argued that the documents were insufficient to support the enhancement because they showed that an indictment or other charging instrument had been issued in the California case, neither of which was provided. The court determined that based on the documents before it, the Government had met its burden of proof in connection with the enhancement. The district court determined that Lopez-Cano's sentencing range was 27 to 33 months after it awarded one additional point for acceptance of responsibility and that his supervised release range was one to three years. The district court asked Lopez-Cano if he objected to these new calculations, and he replied that

No. 11-41412

he did not.   The court stated, "In view of the information we have here, then, and considering to some extent what I see here as some possible mitigating issues, on the illegal reentry I'm going to do a mid-level – a mid-range type of sentence."   The district court sentenced Lopez-Cano to 30 months of imprisonment and to three years of supervised release.  Lopez-Cano reiterated his objection to the 12-level enhancement but did not otherwise object to the sentence.  Lopez-Cano filed a timely notice of appeal.

## II.

Lopez-Cano argues that the district court erred in characterizing his California conviction as a drug trafficking offense for purposes of § 2L1.2(b)(1)(B) and as an aggravated felony for purposes of § 1326(b)(2) because the state court documents supporting the conviction were insufficient under *Shepard*.

This court reviews de novo questions of the interpretation and application of the Guidelines.  *United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011). The district court's classification of a defendant's prior conviction as a drug trafficking offense is an issue that is reviewed de novo.  *See United States v. Morales-Martinez*, 496 F.3d 356, 357 (5th Cir. 2007).  Before a district court may impose a sentencing enhancement such as § 2L1.2(b)(1), the Government must prove by a preponderance of the evidence any facts necessary to justify the enhancement.  *See Rodriguez,* 630 F.3d at 380.  The district court's factual findings are reviewed for clear error.  *Id.*  A factual finding is not clearly erroneous if it is plausible in light of the record as a whole. *Id.*  This court will find clear error only if a review of the record results in a "definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks and citation omitted).

**Drug trafficking offense under § 2L1.2**

Under § 2L1.2, for purposes of the 12 level increase:

No. 11-41412

> "Drug trafficking offense" means an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

§ 2L1.2, comment. (n.1(B)(iv)). The California statute to which Lopez-Cano pleaded nolo contendere states: "every person who possesses for sale any controlled substance . . . shall be punished by imprisonment." CAL. HEALTH & SAFETY CODE § 11378. Two circuits have concluded that a conviction under § 11378 is not categorically a "drug trafficking offense" under § 2L1.2, because "[a] California defendant may be convicted of possession for sale of a controlled substance without committing a 'controlled substance offense' or 'drug trafficking offense' under the federal guidelines." *United States v. Sanchez-Garcia*, 642 F.3d 658, 661-62 (8th Cir. 2011); *United States v. Valdavinos-Torres*, 704 F.3d 679, 684 (9th Cir. 2012). This is so because the California statute criminalizes possession or purchase of substances not covered by the Controlled Substances Act (CSA), and is thus broader than the Guidelines definition of drug trafficking offense under U.S.S.G. § 2L1.2. *Valdavinos-Torres*, 704 F.3d at 684. The government does not argue that this circuit should reach a different conclusion. Accordingly, for the conviction to qualify as a drug trafficking offense, the government must establish that the substance the defendant was convicted of possessing for sale in the underlying California offense is covered by the CSA.

Under *Shepard*, when a court is determining whether a prior conviction is a drug trafficking offense under § 2L1.2, it may look beyond the statute of conviction to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some other comparable

4

No. 11-41412

judicial record of this information." *Shepard*, 544 U.S. at 26; *United States v. Garcia-Arrellano*, 522 F.3d 477, 480 (5th Cir. 2008).

Under California criminal procedure, a felony prosecution commences with a criminal complaint. Cal. Pen. Code § 806. After arraignment, if the magistrate judge determines that there is sufficient cause to believe that the defendant might be guilty of the charges listed in the complaint, the magistrate orders that the defendant be held to answer. Cal. Pen. Code § 872(a). At that point, the parties may stipulate that the complaint be deemed an information, one form of a charging instrument. 2-40 Cal. Criminal Defense Practice. § 40.03. If not, an information must be filed within 15 days of the order. *Id.;* Cal. Pen. Code § 860. The magistrate's order following arraignment dated January 14, 2010, does not contain such a stipulation. The information was filed January 28, 2010. There is no requirement that the charges in the information be identical to those in the complaint.

Count two of the complaint related to the defendant's prior offense provides that Lopez-Cano was accused of possessing for sale a controlled substance, methamphetamine, in violation of § 11378. If the complaint had been deemed an information, Lopez-Cano's nolo contendre plea to this charge would satisfy the government's burden, because methamphetamine is specified as the controlled substance involved in the offense and methamphetamine is a controlled substance under both § 11378 and § 2L1.2. The docket sheet indicates that an information was filed on January 28, 2010, charging in count two a violation of § 11378, and that Lopez-Cano pleaded nolo contendere to that count. The case summary likewise provides that Lopez-Cano pleaded "NC" [nolo contendre] a violation of § 11378 in count 2. However, neither the docket sheet nor the case summary indicates what controlled substance was involved in count two. Because the January 2010 information and not the December 2009 criminal complaint is the charging instrument to which Lopez-Cano actually

pled guilty and the government did not produce the information or other *Shepard*-approved documentation to establish what controlled substance was involved, Lopez-Cano argues that the government failed to establish a factual basis for the drug trafficking enhancement. We agree.

The docket sheet and the case summary are not *Shepard*-approved documents because they were prepared by court not judges. *United States v. Gutierrez-Ramirez*, 405 F.3d 352, 357-59 (5th Cir. 2005) (determining that a California abstract of judgment, which was generated by court clerical staff, could not be used in the categorical approach to prove a crime of violence); *Jimenez-Banegas*, 209 F. App'x 384, 389 n.3 ("[D]istrict court docket sheets are not the type of judicial record that a court should consider."). Though we may use these types of documents to establish the fact of the underlying conviction, nothing on the docket sheet or case summary establishes what type of controlled substance the charge involves. *See United States v. Moreno-Florean*, 542 F.3d 445, 449-50 and n.1 (5th Cir. 2008) (using the defendant's indictment and a California abstract of judgment to prove the existence of a prior conviction, where the abstract of judgment was not being used to narrow the statute of conviction based upon the facts underlying the offense); *United States v. Neri-Hernandes*, 504 F.3d 587, 590-92 (5th Cir. 2007) (determining that New York certificates of disposition could be used to identify the precise subsection of the statute under which a defendant was convicted, as long as the certificate's recitation of the subsection number, rather than the facts underlying the offense, was used and as long as the certificates had "sufficient indicia of reliability to support their probable accuracy").

In addition, because an information was filed after the complaint, the complaint is not a proper *Shepard* document because it is not the charging instrument under which Mr. Lopez-Cano was convicted. *United States v. Martinez-Paramo*, 380 F.3d 799, 805 (5th Cir. 2004). In *Martinez-Paramo*, this

court determined that a Pennsylvania complaint could not be used to determine which subsection of a statute the defendant violated because an information or indictment "may exist which charged [defendant] under another portion of the statute or may not have specified under which subsection he was charged." *Id.* The Government had admitted that an information existed, but it was not in the record. *Id.* Here, the docket sheet indicates that an information was issued, but it does not appear in the record of this case.

Based on the foregoing, the district court erred by relying on these documents when ruling that Lopez-Cano's prior conviction was a drug trafficking offense for purposes of the 12-level enhancement. *Cf. United States v. Garcia-Arrellano*, 522 F.3d 477, 480 (5th Cir. 2008) ("Garcia's indictment and state court judgment fall within the scope of documents a court may consider under *Shepard*."); *United States v. Ford*, 509 F.3d 714, 715 (5th Cir. 2007) (affirming a "controlled substance offense" sentencing enhancement where the district court relied on the state charging documents, indictment, and judgment). This error was not harmless as it clearly affected the calculation of the sentencing guidelines, and the government failed to demonstrate that the court would have imposed the same sentence had the enhancement not been applied. *United States v. Ibarra-Luna*, 628 F.3d 712, 718-19 (5th Cir. 2010). As such, reversal for resentencing will be required. *Id.*

Lopez-Cano argues that on remand the government should not be given the opportunity to supplement the record to satisfy its burden of proof on this issue, citing *United States v. Chemical & Metal Industries, Inc.*, 677 F.3d 750 (5th Cir. 2012). In that case, the defendant might have been subject to an alternative restitution order if pecuniary gain or loss had been proven. *Id.* at 753. The government did not meet its burden of proof and this court declined to remand the case because the government had its chance to prove the amount of loss in the original proceeding and failed to do so. *Id.* However, this court takes

a different approach to sentencing decisions based on the facts of prior convictions, routinely remanding for resentencing and allowing the government to supplement the record with charging documents to establish the challenged enhancement based on a prior conviction. *United States v. Banda-Zamora*, 178 F.3d. 728, 730 (5th Cir. 1999); *United States v. Martinez-Paramo*, 380 F.3d 799, 805 (5th Cir. 2004) (remanding and allowing supplementation despite court's understanding of defendant's objection to allowing government a second chance to provide requisite documentary support for enhancement); *United States v. Garcia*, 470 F.3d 1143, 1148-49 (5th Cir. 2006) (on plain error review); *United States v. Salamanca-Rosas*, 342 F.App'x 38, 40 (5th Cir. 2009); *United States v. Melendez-Marcia*, 416 F.App'x 346, 349 (5th Cir. 2011). On remand, the district court may allow the government to supplement the record with the information or other *Shepard*-approved documents to establish whether the defendant's prior offense qualifies for the enhancement for a prior drug trafficking offense.

## Aggravated felony pursuant to § 1326(b)(2)

Lopez-Cano argues that for the same reasons the state court documents were insufficient under *Shepard* to prove that his California conviction was a drug trafficking offense, the same documents were insufficient to establish that the same conviction was an aggravated felony under § 1326(b)(2). Lopez-Cano therefore argues that he should not have been convicted and sentenced under that subsection and this case should be remanded for reformation of the judgment to reflect that he was convicted and sentenced under § 1326(b)(1) not § 1326(b)(2) and for resentencing.

The judgment in this case lists the offense of conviction as a violation of § 1326(a) and § 1326(b)(2). The indictment charged a violation of § 1326 without designating a subsection of the statute. However, the supplemental addendum to the PSR stated that, as a result of his prior California conviction, Lopez-Cano was subject to the penalty provisions set forth in § 1326(b)(2); he did not object

to that statement.  The district court adopted the PSR.  Thus, although Lopez-Cano argues that this issue is subject to de novo review because he did not have an opportunity to object to the reference to § 1326(b)(2) prior to entry of the written judgment, he was aware that the Government sought conviction and sentencing under that section and did not object; review is therefore for plain error. *United States v. Mondragon-Santiago*, 564 F.3d 357, 368 (5th Cir. 2009).

Section 1326(a) sets forth the substantive offense of illegal reentry and provides for not more than two years of imprisonment.  Section 1326(b) provides the penalties for reentry of certain removed aliens and provides:

> Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection--
>
>> (1) whose removal was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony), such alien shall be fined under Title 18, imprisoned not more than 10 years, or both;
>>
>> (2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such title, imprisoned not more than 20 years, or both.

§ 1326(b)(1)-(2).

An aggravated felony is defined in 8 U.S.C. § 1101(a) as "illicit trafficking in a controlled substance . . . including a drug trafficking crime (as defined in section 924(c) of Title 18)."  § 1101(a)(43)(B).  Section 924(c) defines a drug trafficking crime as, inter alia, "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)."  Since this court has determined that the state court documents were insufficient to establish a drug trafficking crime for purposes of the 12-level enhancement in § 2L1.2, it follows that Lopez-Cano was not properly convicted and sentenced under § 1326(b)(2).

No. 11-41412

As we have previously determined that Lopez-Cano is entitled to resentencing based on the erroneous application of the drug trafficking enhancement, we need not consider the rest of the plain error analysis on this issue. On remand, if the government fails to establish that Lopez-Cano's prior offense is an aggravated felony, the judgment will require modification to reflect a sentence under § 1326(b)(1). *See Mondragon-Santiago*, 564 F.3d at 369 (reforming judgment to show § 1326(b)(1) conviction and sentencing where evidence did not establish a conviction for a prior aggravated felony under § 1326(b)(2)).

### III.

For the first time on appeal, Lopez-Cano argues that the three-year term of supervised release was procedurally and substantively unreasonable in light of his status as a deportable alien because the district court did not give a sufficient explanation for imposing a term of supervised release despite the admonition in U.S.S.G. § 5D1.1(c) that a term of supervised release should not ordinarily be imposed in a case such as the present case. He contends that the sentence was procedurally unreasonable because the district court's imposition of a term of supervised release was an upward departure from the guidelines sentence range made without the required pre-sentencing notice. Lopez-Cano maintains that the sentence was substantively unreasonable because the district court did not give sufficient weight to the recommendation in § 5D1.1(c) that a term of supervised release not ordinarily be imposed in a case such as this case.

Effective November 1, 2011, the Sentencing Commission amended § 5D1.1 to add that a "court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." § 5D1.1(c). The commentary explains that supervised release is unnecessary unless the defendant legally returns to the United States and that if the defendant illegally

returns, "the need to afford adequate deterrence and protect the public ordinarily is adequately served by a new prosecution." § 5D1.1, comment. (n.5). Nevertheless, the court "should . . . consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." *Id.*

The PSR applied the 2010 version of the Guidelines and did not note the applicability of the amendment. Likewise, at the December 27, 2011 sentencing hearing, the district court did not acknowledge the amendment. Counsel did not object to the imposition of the term of supervised release. Thus, review is for plain error. *See United States v. Allison*, 447 F.3d 402, 405 (5th Cir. 2006) (holding that plain error applied because defendant first objected to term of supervised release on appeal).

In two recent opinions, this court addressed the effect of the recent amendment to § 5D1.1 and the related commentary with respect to deportable alien defendants. *United States v. Dominguez-Alvarado*, 695 F.3d 324 (5th Cir. 2012); *United States v. Lara-Espinoza*, 488 F. App'x 833 (5th Cir. 2012). As pertinent here, in *Lara-Espinoza*, this court held that the district court's application of a pre-amendment version of § 5D1.1, where sentencing occurred on December 1, 2011, was error that is clear or obvious. *Lara-Espinoza*, 488 F. App'x at 834. Likewise, in the instant case, the district court's application of the 2010 version of § 5D1.1 constitutes error that is clear or obvious. *See* 18 U.S.C. § 3553(a)(4)(A)(ii); *see also United States v. Martin*, 596 F.3d 284, 286 (5th Cir. 2010) ("[T]he district court is to sentence under the guidelines in effect at the time of sentencing").

As this case is being remanded for sentencing, we note for the district court's guidance that in *Lara-Espinoza* we affirmed the sentence despite the error, reasoning that "[e]ven though the district court adopted an outdated

No. 11-41412

Guidelines provision in imposing a term of supervised release, [the] sentence was imposed in accordance with the amended Guidelines." *Lara-Espinoza,* 488 F. App'x at 835.  The district court had conducted "the factual consideration of whether the imposition of supervised release 'would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case.'" *Id.* at 834; *see* § 5D1.1, comment. (n.5).

### IV.

For the foregoing reasons, we vacate Lopez-Cano's sentence and remand for resentencing.  The district court may allow the government to supplement the record to establish whether the defendant's prior offense is a drug trafficking offense under § 2L1.2 and an aggravated felony under § 1326.  On remand, the district court should apply the amended version of § 5D1.1 when considering whether to order a period of supervised release.

VACATED; REMANDED.