# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-41244

United States Court of Appeals
Fifth Circuit

**FILED**

November 24, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JORGE CASTELLON-ARAGON,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before JOLLY and JONES, Circuit Judges, and AFRICK*, District Judge.

EDITH H. JONES, Circuit Judge:

Appellant Jorge Castellon-Aragon pled guilty to illegal reentry after having been previously removed from the United States, in violation of 8 U.S.C. § 1326(a), (b)(2). The PSR recommended that the Appellant's 2012 California conviction for possession of a controlled substance for sale qualified as a felony drug trafficking offense for which the sentence imposed was 13 months or less. Pursuant to U.S.S.G. § 2L1.2(b)(1)(B), the probation officer recommended a 12 level adjustment based upon that conviction. With a total offense level of 17 and a criminal history category of III, the advisory guidelines range of imprisonment was 30–37 months. Castellon-Aragon, represented by

---

* District Judge of the Eastern District of Louisiana, sitting by designation.

No. 13-41244

the Federal Public Defender, filed no objection to the PSR. The district court sentenced him to 30 months' imprisonment.

On appeal, for the first time, Appellant challenges as plain error the base offense level enhancement deriving from the classification of his prior conviction as a drug trafficking offense—and consequently an aggravated felony for purposes of § 1326(b)(2). We disagree that there was plain error.

The PSR reflected that Castellon-Aragon's prior conviction was for possession for sale of a controlled substance identified as methamphetamine. Cal. Health & Safety Code § 11378. Appellant also had at least three DUI offenses—although they were not all prosecuted—and related offenses of driving without a license and driving with a suspended license. He had been removed from the United States at least six times before. The FPD referred during sentencing to letters submitted on behalf of Appellant by his friends and family pleading for a below-guidelines sentence, but the FPD specifically said, "No," when asked about any challenges to the PSR calculation of his sentence range.

Notwithstanding his silence at sentencing, the Appellant raises two challenges to the impact of the California offense: (1) the state statute is not a an aggravated felony for sentencing purposes, and (2) the government failed to offer sufficient proof under the "modified categorical approach" to show that Appellant pled guilty to an offense involving methamphetamine. Our standard of review for newly raised issues is that of plain error, which requires the Appellant to show (a) error at sentencing, (b) that was "plain," and (c) affected his substantial rights, such that (d) this court's failure to exercise our discretion to correct the error would seriously affect the courts' reputation for fairness. *Puckett v. United States*, 556 U.S. 129, 135, 129 S. Ct. 1423, 1429 (2009).

No. 13-41244

The parties agree that § 11378, a broadly written proscription, does not qualify as an aggravated felony for federal sentencing purposes. *See, e.g.*, *United States v. Valdavinos-Torres*, 704 F.3d 679 (9th Cir. 2012), *cert. denied*, 134 S. Ct. 1873 (2014); *United States v. Sanchez-Garcia*, 642 F.3d 658, 661–62 (8th Cir. 2011). A conviction for possession of methamphetamine for sale, however, clearly qualifies as a drug trafficking offense under the guidelines § 2L1.2(b). *United States v. Valle-Montalbo*, 474 F.3d 1197, 1200–01 (9th Cir. 2006) (affirming sentence after concluding that defendant's conviction for methamphetamine was a drug trafficking offense under the *Taylor* approach, though erroneously referring to *Taylor* as a categorical analysis). According to the Supreme Court, the "modified categorical approach" of *Taylor v United States*, 495 U.S. 575, 110 S. Ct. 2143 (1990) allows the consideration of state court documents approved in *Shepard v United States*, 544 U.S. 13, 125 S. Ct. 1254 (2005), as a means of parsing whether the defendant has been convicted of a state law offense falling within federal guidelines. Appellant contends that the state court records in this case are insufficient to prove that he pled guilty to an offense involving methamphetamine. The government disagrees.

Resolution of this dispute turns on how authoritative and how factually similar is this court's unpublished, non-precedential decision in *United States v. Lopez-Cano*, 516 F.App'x 350 (5th Cir. 2013), which reversed a sentence enhancement based on the same California statute. In *Lopez-Cano*, this court reviewed an error that had been preserved in the trial court. This court held that certain California court documents—submitted in support of the necessary finding that the defendant pled guilty to a violation involving a federally controlled substance—were not *Shepard*-approved because they were prepared by the court and not by a judge. *Id.* at 354. Moreover, the docket sheet and case summary did not show what type of controlled substance the conviction involved. *Id.* Although the complaint charged Lopez-Cano with

3

possession of methamphetamine, it was not a *Shepard*-approved document because he ultimately pled to a subsequently issued information that failed to specify the controlled substance.

Based upon *Lopez-Cano*, Castellon-Aragon contends that the district court here "plainly" erred by relying upon the supporting documents submitted by the probation officer regarding his conviction.  For example, the abstract of judgment and preliminary hearing minutes are not *Shepard*-approved documents because they were not signed by a judge.  The only document that refers to methamphetamine as the basis for his prosecution is the criminal complaint, but, he asserts, there is no evidence that he was convicted pursuant to that complaint.  Accordingly, the government failed to satisfy its burden of proof to support the § 2L1.2 adjustment with adequate California court documents.

The Government points out several differences between this case and *Lopez-Cano*.  *Lopez-Cano*, of course, is unpublished and therefore non-precedential in this circuit; however, it may function as persuasive authority.  *United States v. Medina-Torres*, 703 F.3d 770, 777 (5th Cir. 2012) ("[I]t is not always necessary that a rule of decision be announced in a prior published decision in order for this Court to find it persuasive in reaching a decision.").  More important, however, is that the state court records here are different from those submitted in *Lopez-Cano*.   The criminal complaint against Castellon-Aragon alleged a violation of § 11378 explicitly based on methamphetamine.  Under *Shepard*, a complaint may be a proper charging document for purposes of narrowing the scope of the conviction.  *Shepard*, 544 U.S. at 26, 125 S. Ct. at 1263.  Unlike in *Lopez-Cano*, there is no indication that the complaint was superseded by an information or indictment.  To the contrary, there is a plea of nolo contendere and all the marks on the relevant forms indicate the defendant waived his rights and pled pursuant to an expedited "Early

Resolution" procedure.     The Government contends persuasively that the charging document was the complaint alone, which sufficiently narrowed the scope of conviction to one within the relevant U.S.S.G. enhancement.

Appellant urges us to reject this common-sense inference from the state files because the Government had the burden at sentencing to produce *Shepard*-compliant documents.  Castellon-Aragon, however, never gave the Government or the probation officer reason to believe during the sentencing proceedings that he challenged their proof.  The meaning and consequences of California records raise potential factual and legal questions.  In *Lopez-Cano*, for instance, this court undertook a rather lengthy discussion of state procedures because the issues were properly preserved and raised on appeal.

Dealing with preserved error in *Lopez-Cano* leads to a considerably different posture of that case on appeal as opposed to the instant plain error review.     First, this court has repeatedly stated that questions of fact are not reviewable for plain error.  *See, e.g.*, *United States v. Chung*, 261 F.3d 536, 539 (5th Cir. 2001) ("[Q]uestions of fact capable of resolution by the district court can never constitute plain error.").     To the extent that interpreting the California procedural posture of Appellant's prior conviction involves factual questions about the defendant's involvement as reflected on the relevant documents, we cannot find plain error.     Second, to the extent that the intricacies of California criminal procedures are involved—the Government states that an indictment or information are unnecessary if the defendant waives those rights and simply pleads to the complaint—orderly federal processes are being up-ended in asking this appellate court to investigate those procedures in the first instance.    Had defense counsel presented his objections to the trial court, the inquiry here would be far different.    Among the possibilities is that the probation office or the Government might have had the opportunity to produce documents to the satisfaction of defense counsel

verifying the methamphetamine conviction.  At least, both parties would have researched and offered the courts their best interpretation of California criminal procedure.

As it is, Appellant's argument boils down to the proposition that the district court "plainly erred" in failing to require the Government to prove a negative: that no superseding charging instrument was filed such that Castellon-Aragon might have pled guilty to an offense that didn't specify methamphetamine and therefore did not constitute a sentencing guidelines "drug trafficking offense."   This is the only way that Appellant can claim the benefit of *Lopez-Cano*.   Because, however,  the state court documents before us reasonably indicate the absence of any such document, and because the Government cites California authority that offers support for its interpretation of the state proceedings,  we find no "plain," "clear or obvious" error committed by the trial court.   We therefore do not reach the potential effect on Castellon-Aragon's substantial rights or whether we should exercise our considerable discretion to "correct" the sentence.

The sentence is **AFFIRMED**.