# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-41232
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 30, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BIDAL ALBERTO AVITIA-SALAZAR,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-989-1

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Bidal Alberto Avitia-Salazar appeals the 57-month within-guidelines sentence imposed in connection with his conviction for illegal reentry after deportation. Avitia-Salazar challenges the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) for a drug trafficking offense based on his prior California conviction for possession of a controlled substance for sale, as proscribed by California Health and Safety Code § 11378. He contends that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the offense is not categorically a drug trafficking offense because California includes certain substances as controlled substances that are not considered controlled substances under federal law.  Avitia-Salazar further asserts that, under the modified categorical approach, the Government did not meet its burden to show that his prior conviction involved a controlled substance as defined by federal law.  Specifically, he argues that the waiver of rights form, the minute order, and the abstract of judgment make no mention of the substance he possessed and that the felony complaint, which identifies the substance as methamphetamine, is not sufficiently reliable because it might not have been the charging instrument.

Though he objected to the enhancement and made the general assertion that the state court documents were insufficient, Avitia-Salazar did not argue, as he does on appeal, that the state felony complaint was not the charging document to which he entered his plea.  Avitia-Salazar's objections did not sufficiently apprise the court of the basis of the challenge to the enhancement he now asserts on appeal.  *See United States v. Musa*, 45 F.3d 922, 924 n.5 (5th Cir. 1995).  Therefore, the issue is subject to plain error review.  *See United States v. Chavez-Hernandez,* 671 F.3d 494, 497-98 (5th Cir. 2012).  Because the felony complaint shows that Avitia-Salazar was charged with possessing methamphetamine for sale and because the state court record "reasonably indicate[s] the absence" of a superseding information or indictment, the district court did not plainly err in applying the 16-level enhancement under § 2L1.2(b)(1)(A)(i).  *United States v. Castellon-Aragon*, 772 F.3d 1023, 1026 (5th Cir. 2014).

The judgment of the district court is AFFIRMED.