# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 23, 2015

Lyle W. Cayce
Clerk

No. 14-10938
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JAVIER YBARRA,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-56-1

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Javier Ybarra pleaded guilty, without the benefit of a plea agreement, to an indictment charging him with conspiracy to possess, with intent to distribute, methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C). He was sentenced, *inter alia*, to 240 months' imprisonment. Ybarra challenges the district court's denial of his motion to withdraw his guilty plea and the court's drug-quantity calculation for sentencing.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-10938

A defendant may withdraw his guilty plea before sentencing if he can establish a "fair and just reason" for the withdrawal.  Fed. R. Crim. P. 11(d)(2); *United States v. Still*, 102 F.3d 118, 123–24 (5th Cir. 1996).  Considering each of the seven factors provided in *United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984), the district court rejected Ybarra's motion.

Contrary to Ybarra's claims, the court found:  he was aware of his co-conspirator's role as an informant for the Fort Worth, Texas, police department; but his co-conspirator was not acting as an informant during the timeframe of the conspiracy charged in the indictment.  Furthermore, the court noted Ybarra's motion, filed four months after his rearraignment and just seven days prior to his sentencing hearing, was considerably delayed.  Although the court found there was no evidence the Government would suffer prejudice if the plea was withdrawn, it determined a withdrawal would inconvenience the court and waste judicial resources.  It also found:  Ybarra had the close assistance of counsel; and his guilty plea was knowing and voluntary.

Based on the totality of the circumstances, the court did not abuse its discretion in denying Ybarra's motion.  *See United States v. McKnight*, 570 F.3d 641, 645 (5th Cir. 2009).

Because, as he concedes, Ybarra failed to preserve his drug-quantity claim in district court, our review is only for plain error.  In claiming plain error, he asserts the court failed to conduct a scope-and-foreseeability analysis pursuant to the Sentencing Guidelines.  U.S.S.G. § 1B1.3(a)(1).  The analysis, Ybarra contends, would have relieved him of liability for methamphetamine found in his co-conspirator's vehicle on the date of their arrest, resulting in a shorter sentence.  The relevant conduct for conspiratorial activity, however, is a question of fact; therefore, the court's drug-quantity finding cannot constitute

2

a plain error, which requires, *inter alia*, demonstrating a "clear" or "obvious" error. *E.g., United States v. Castellon-Aragon*, 772 F.3d 1023, 1026 (5th Cir. 2014).

AFFIRMED.