# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40479
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 23, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALBERTO CHAVEZ-SUAREZ,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-1622-5

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Alberto Chavez-Suarez pled guilty pursuant to a plea agreement to one count of conspiracy to possess with intent to distribute 100 kilograms or more of marijuana. The district court sentenced Chavez-Suarez to 60 months of imprisonment and a four-year term of supervised release. Chavez-Suarez argues that the district court committed reversible error when it found that he was "Ramon Carrillo Franco," the individual convicted of the 2007 California

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offenses listed in the presentence report.  He contends that the information contained in the report was nonspecific and unreliable.  Chavez-Suarez asserts this error was not harmless because it rendered him ineligible for the safety valve reduction under U.S.S.G. § 5C1.2.  The Government has filed a motion to supplement the record on appeal with documents related to the 2007 California convictions.

We review the district court's application of the Sentencing Guidelines *de novo*, and we review factual findings for clear error.  *United States v. Villanueva*, 408 F.3d 193, 202–03 & n.9 (5th Cir. 2005).  Facts used to determine a sentence must be supported "by a preponderance of the relevant and sufficiently reliable evidence."  *United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013).  As long as a factual finding is plausible in light of the record as a whole, it is not clearly erroneous and should be upheld.  *Id.* at 618.

A presentence report typically "bears sufficient indicia of reliability to be considered as evidence by the sentencing judge in making factual determinations."  *United States v. Nava*, 624 F.3d 226, 231 (5th Cir. 2010).  Mere objections to the facts in the presentence report do not qualify as competent rebuttal evidence.  *Alaniz*, 726 F.3d at 619.  The defendant has the burden of presenting evidence to show that the facts in the report are inaccurate or materially untrue.  *United States v. Cervantes*, 706 F.3d 603, 620–21 (5th Cir. 2013).

Chavez-Suarez has not established that the district court committed clear error when it found that Chavez-Suarez was the individual convicted of the California offenses.  *See Villanueva*, 408 F.3d at 202-03 & n.9.  Chavez-Suarez's admitted use of the alias "Ramon Carrillo Franco," his concession to living in Redwood City, and the listing of that alias in the state case establish by a preponderance of the evidence that Chavez-Suarez committed the

offenses.  *See Alaniz*, 726 F.3d at 619.  In addition, the probation officer explained that a search of the National and California Crime Information Center revealed that the Franco alias had been used by Chavez-Suarez.  Moreover, the felony complaint and abstract of judgment relied upon by the probation officer have been deemed by us as reliable sources for proving the fact of a prior conviction.  *See United States v. Gomez-Alvarez*, 781 F.3d 787, 794–96 (5th Cir. 2015); *United States v. Moreno-Florean*, 542 F.3d 445, 449 n.1 (5th Cir. 2008).

Moreover, Chavez-Suarez failed to provide any rebuttal evidence to the information presented in the presentence report.  Outside of mere objections to the reliability, accuracy, and prejudicial nature of the information, he did not submit any evidence to contradict the findings of the probation officer.  These objections alone were insufficient to rebut the information and, thus, the district court was free to rely on the presentence report and its factual findings therein.  *See Alaniz*, 726 F.3d at 619.

In light of the foregoing discussion, the motion to supplement the record on appeal is DENIED, as the records are irrelevant to the issue on appeal.

The judgment of the district court is AFFIRMED.