# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40228
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 5, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NICOLAS FUENTES-CRUZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CR-811-1

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Nicolas Fuentes-Cruz was convicted on one count of being unlawfully present in the United States after a prior removal subsequent to a felony conviction and received a within-guidelines sentence of 57 months of imprisonment and a three-year term of supervised release.

Fuentes-Cruz first argues that the district court procedurally erred by failing to adequately explain the chosen sentence and by failing to respond to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his objection that the 57-month sentence was too long. Our review of this unpreserved argument is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To show plain error, Fuentes-Cruz must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Fuentes-Cruz's arguments that the district court procedurally erred by failing to explain the sentence imposed and by failing to explicitly rule on his objections are without merit. A full explanation of the 18 U.S.C. § 3553(a) factors is not required in every case. *Rita v. United States*, 551 U.S. 338, 356 (2007). The district court need only "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Id.* We will instead "focus on the district court's statements in the context of the sentencing proceeding as a whole." *United States v. Diaz Sanchez*, 714 F.3d 289, 294 (5th Cir. 2013). Before imposing the within-guidelines sentence, the district court in this case explicitly adopted the PSR, listened to and overruled defense counsel's objections, and listened to defense counsel and Fuentes-Cruz's requests for a sentence on the low end of the guidelines range. It is clear from a review of the sentencing transcript as a whole that the district court considered all of the evidence before it, evaluated the parties' sentencing arguments, and had a reasoned basis for exercising its decisionmaking authority. *See Rita*, 551 U.S. at 356; *Diaz Sanchez*, 714 F.3d at 293-95. Fuentes-Cruz has not demonstrated a clear or obvious error. *Puckett*, 556 U.S. at 135.

No. 16-40228

Fuentes-Cruz also argues that it was error to apply a 12-level drug trafficking enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) because his prior Oregon conviction for delivery of a controlled substance was not categorically a controlled substance offense and that the modified categorical approach could not be used to determine whether the prior offense so qualified because the Oregon statute was not divisible. To support this argument, he relies on the Supreme Court's recent decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), and our decision applying *Mathis* in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). Our review is once again for plain error. *See United States v. Garcia-Rodriguez*, 415 F.3d 452, 456 & n.4 (5th Cir. 2005).

Fuentes-Cruz has not demonstrated a clear or obvious error. When determining "whether an error is clear or obvious we look to the state of the law at the time of appeal," and then determine "whether controlling circuit or Supreme Court precedent has reached the issue in question, or whether the legal question would be subject to reasonable dispute." *United States v. Fields*, 777 F.3d 799, 802 (5th Cir. 2015) (internal quotation marks and footnotes omitted). Because neither the Supreme Court nor our court has addressed whether, after *Mathis*, an Oregon conviction for delivery of a controlled substance is a drug trafficking offense under § 2L1.2(b)(1)(A), Fuentes-Cruz's claim is subject to reasonable dispute and cannot be a clear or obvious error.[1] *Fields*, 777 F.3d at 802; *see also Puckett*, 556 U.S. at 135.

AFFIRMED.

---

[1] Although not precedential, we note our opinion in *United States v. Salamanca-Rosas*, 342 F. App'x 38, 40-41 (5th Cir. 2009), wherein we concluded that the language supporting a conviction for delivery under the Oregon statute did not include conduct that fell outside the definition of a drug trafficking offense under § 2L1.2 and its application notes.