# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41692

United States Court of Appeals
Fifth Circuit

**FILED**
May 1, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee

v.

JUAN ANTONIO COMPIAN,

　　　　Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:16-CR-418-1

Before STEWART, Chief Judge, and HAYNES and WILLETT, Circuit Judges.

PER CURIAM:*

　　Juan Antonio Compian appeals the district court's imposition of two sex-offender-related special conditions of supervised release—a registration condition and a locational condition. He argues that the district court abused its discretion in imposing the sex-offender-related special conditions because they (1) are not reasonably related to the statutory sentencing factors under 18 U.S.C. §§ 3583(d)(1) and 3553(a), and (2) impose a greater deprivation of liberty than necessary to achieve the statutory sentencing goals. In the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alternative, Compian argues that the district court judge did not sufficiently explain her reasons for imposing the special conditions, in violation of § 3553(c). Upon review, we remand for the limited purpose of modifying the registration condition to reflect that Compian must register as a sex offender to the extent required by state law. We otherwise affirm. The Government's motion to supplement the record is denied.

## I.    Background

Compian was charged with two counts of transporting an undocumented alien within the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (A)(v)(II), and (B)(ii). In December 2016, he pleaded guilty to count two and was sentenced to twenty-one months in custody, followed by a three-year term of supervised release.

The sentencing judge imposed two sex-offender-related special conditions on Compian: a locational condition and a registration condition.[1] The locational condition restricted Compian's access to areas "primarily used by children under the age of 18, or where children may frequently congregate," while the registration condition required him to register as a sex offender in Texas. Compian's attorney objected to both conditions on the basis that Compian's sex offense "was a twenty-five year old offense unrelated to the case at hand." The district court declined to remove the sex-offender-related special conditions and entered a written judgment.

---

[1] In 1991, while in his early twenties, Compian pleaded no contest to a Florida charge of lewd and lascivious conduct or indecent assault upon or in the presence of a child. He was sentenced to three and a half years in custody and ten years' probation, which was fully completed on October 29, 2002. Although he committed additional crimes prior to his conviction here, none were sex crimes.

No. 16-41692

## II.    Imposition of Sex-Offender-Related Special Conditions of Supervised Release

"When challenged on appeal [and preserved in the district court], conditions of supervised release are reviewed for an abuse of discretion." *United States v. Huor*, 852 F.3d 392, 397 (5th Cir. 2017). Conditions of supervised release must be "reasonably related" to at least one of the following factors: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "afford[ing] adequate deterrence to criminal conduct;" (3) "protect[ing] the public from further crimes of the defendant;" and (4) "provid[ing] the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. §§ 3553(a)(1), (2)(B)–(D), 3583(d)(1); *see also United States v. Weatherton*, 567 F.3d 149, 153 & n.1 (5th Cir. 2009).

Compian argues that imposing the sex-offender-related special conditions is not reasonably related to any of the four justifications, noting that his current offense is not a sex offense. He also argues that his sole prior sex offense was committed twenty-five years ago. However, we have held that past sex offenses can be taken into account in assessing special conditions of supervised release. *See Weatherton*, 567 F.3d at 153. The special condition in such a situation must be "justified by a defendant's criminal history," *United States v. Salazar*, 743 F.3d 445, 452 (5th Cir. 2014), and bear some connection to the prior offense, *United States v. Fields*, 777 F.3d 799, 803 (5th Cir. 2015).

Here, there is a connection between the conditions and Compian's criminal history, as access to children was necessary to Compian's Florida conviction for lewd and lascivious or indecent assault or act upon or in the presence of a child. *See id.* at 804. This differentiates Compian's case from cases where, for example, we struck down prohibitions on "sexually stimulating" materials because access to such materials was wholly unrelated

3

to the defendant's conviction. *See, e.g.*, *Huor*, 852 F.3d at 402; *Salazar*, 743 F.3d at 450–52. While timing and number of offenses are relevant, those factors are not dispositive. *See, e.g.*, *Fields*, 777 F.3d at 804; *United States v. Cuneo*, 554 F. App'x 313, 318–19 (5th Cir. 2014) (per curiam).

Compian's "only" sex offense involved a victim under twelve years old. Although Compian has not since committed another sexual offense, he has been convicted of various crimes, including assault causing bodily injury to a family member. Given the totality of the record, and in light of our precedents, the special conditions could be reasonably justified by Compian's history and characteristics, deterrence, and protecting the public. Thus, it was not an abuse of discretion for the district court to impose sex-offender-related conditions in this instance.

### III.    Restrictiveness of Conditions

Even if the sex-offender-related special conditions are reasonably related to the § 3553(a) factors, they may "involve no greater deprivation of liberty than is reasonably necessary for the purposes [of § 3553(a)]."[2] 18 U.S.C. § 3583(d)(2). Compian argues that both the registration and locational conditions are a greater deprivation of liberty than necessary in these circumstances.

### A. Registration Condition

The registration condition requires that Compian register as a sex offender for the duration of his supervised release. The Government argues that, because Compian is already required to register as a sex offender under Texas law, the registration condition was appropriate in this case. Compian

---

[2] The special conditions also must be "consistent with any pertinent policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(d)(3). Compian does not argue that his special conditions are inconsistent with Sentencing Commission policy statements. Therefore, this argument is waived. *See United States v. Zuniga*, 860 F.3d 276, 284 n.9 (5th Cir. 2017).

disputes the Government's contention that he is required to register as a sex offender in Texas.[3]  We need not decide whether Compian is required to register by state law, though, to conclude that the condition, as written, is unduly restrictive.

Because "it is axiomatic that a district court can include as a condition that the defendant obey the law," a special condition that requires a sex offender who is required to register to continue doing so would be appropriate as requiring no more than that the sex offender follow the law.  *See United States v. Talbert*, 501 F.3d 449, 452 (5th Cir. 2007); *see also* 18 U.S.C. § 3583(d) ("The court shall order, as an explicit condition of supervised release, that the defendant not commit another Federal, State, or local crime during the term of supervision.").  However, the condition here is broader than that, requiring registration without consideration of whether Compian is otherwise required to register under state law.

Imposing sex offender registration undoubtedly carries a stigma.  *See Jennings v. Owens,* 602 F.3d 652, 659 (5th Cir. 2010) (noting that imposing sex-offender-related special conditions "would indeed cause stigma," but finding the conditions permissible because "the parole board admittedly label[ed] [the defendant] as a sex offender" and that "label [was] not false as applied to [the defendant]; it accurately reflect[ed] [the defendant's] status").

---

[3] When the Government filed its appellate brief, it also moved to supplement the appellate record or, in the alternative, for this court to take judicial notice of a Texas Department of Public Safety ("DPS") document (the "DPS document") that is not available on a public website.  The DPS document purportedly will inform the court as to whether the Florida offense of which Compian was convicted is "substantially similar" to a Texas offense which requires lifetime registration, in which case Compian would be required to register for life in Texas.  *See* TEX. CODE. CRIM. PROC. art. 62.001(5)(H).  Because we need not decide today whether Compian is required to register under Texas law, the motion to supplement the appellate record is irrelevant to our inquiry and is therefore denied.  *See United States v. Chavez-Suarez*, 644 F. App'x 289, 290–91 (5th Cir.) (per curiam), *cert. denied*, 137 S. Ct. 162 (2016).

No. 16-41692

Although registration serves as an important notice to the public to protect it from sexual predators, having registered sex offender status is a clear restraint on liberty. Given that Compian has not committed another sexual offense since 1991, registration here is a greater deprivation of liberty than reasonably necessary to protect the public if the law does not otherwise require registration. Notably, the Government has stated that it is not opposed to modification of the registration condition to require registration if Compian must do so under state law. Therefore, we remand to the district court to amend Compian's conditions of supervised release to reflect that "sex offender registration is required to the extent required by state law."

## B. Locational Condition

Compian's locational restriction states: "The defendant shall not reside, work, access, or loiter within 1,000 feet of school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18, or where children may frequently congregate, unless approved in advance in writing by the United States Probation Officer." Compian argues that this locational condition is a greater deprivation of his liberty than reasonably necessary because the restrictions are overly broad in light of the fact that he has only one prior sex offense.

In *Fields*, we held that a locational condition imposing "lifestyle restrictions," including not residing or "going to places where a minor or minors are *known to frequent* without prior approval of the probation officer," was not overly restrictive. 777 F.3d at 802, 806. Notably, a variation of "frequent" appears in both the locational condition in *Fields* and in this case. Although Compian argues that "may frequently congregate," as used here, is more subjective than "known to frequent," as used in *Fields*, those phrases are

6

materially and sufficiently similar.[4] *See id.* at 806 (noting that "frequent" can provide an objective standard, which can be interpreted by the defendant, or "especially through consultation with his probation officer"). Therefore, the language itself does not appear to have been an abuse of discretion.

Further, it is important to note that the sex-offender-related special conditions here last only three years. The duration of sex-offender-related special conditions is a consideration in determining whether they are overly restrictive. *See, e.g.*, *Cuneo*, 554 F. App'x at 319 (upholding conditions of parole including mental health treatment, although a sex offense was committed in 1989, noting "that this special condition has a finite duration of five years, and, during that time, [the defendant] could move to modify the condition" (citing 18 U.S.C. § 3583(e)(1); FED. R. CRIM. P. 32.1(c))).

We agree that the better practice is for the sentencing court to provide specific guidance with respect to how a locational condition will be applied to make it clear, both for a defendant and for a parole officer interpreting the locational condition on the defendant's behalf, where a defendant is and is not permitted to be. However, in this case, the condition is limited sufficiently in both scope and duration for us to conclude that it was not an abuse of discretion for the district court to impose it.

## IV.   Adequacy of Explanation

In the alternative, Compian argues that the district court failed to articulate a reasonable relationship between the two sex-offender-related special conditions and the statutory sentencing factors. Because Compian did

---

[4] Compian also argues that the use of "access" in the locational condition renders it unduly restrictive, as it may include activities such as "walk[ing] or driv[ing] down the street." However, a reasonable person could determine that access clearly does not sweep that broadly, and thus, this argument is not persuasive. *See, e.g.*, *Access*, OXFORD ENGLISH DICTIONARY (3d ed. 2011) (defining "access," in relevant part, to mean "[t]o gain admission to; to enter").

not object on this basis at his sentencing, this claim is reviewed for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Plain error requires Compian to show "a clear and obvious error affecting his substantial rights . . . [which] 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Barton*, 879 F.3d 595, 598 (5th Cir. 2018) (quoting *United States v. Escalante-Reyes*, 689 F.3d 415, 419 (5th Cir. 2012) (en banc)).[5]

The first two prongs of plain error require showing an error that is both clear and obvious. *See id.* Section 3553(c) requires that a "judge at the time of sentencing . . . state in open court the reasons for its imposition of the particular sentence" with respect to special conditions. "[C]ourts of appeals have consistently required district courts to set forth factual findings to justify special probation conditions." *Salazar*, 743 F.3d at 451 (quoting *United States v. Warren*, 186 F.3d 358, 366 (3d Cir. 1999)). "A full explanation of the 18 U.S.C. § 3553(a) factors is not required in every case. The district court need only 'set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Fuentes-Cruz*, 690 F. App'x 219, 220 (5th Cir. 2017) (per curiam) (citation omitted) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). This court "focus[es] on the district court's statements in the context of the sentencing proceeding as a whole." *United*

---

[5] The Supreme Court recently heard argument on the proper application of the fairness prong of plain-error review from this circuit's decision in *United States v. Rosales-Mireles*, 850 F.3d 246 (5th Cir. 2017), *cert. granted*, 138 S.Ct. 55, 198 L.Ed.2d 781 (2017). In the meantime, we apply the en banc majority opinion in *Escalante-Reyes* rather than the "shocks the conscience" language from the dissenting opinion. *United States v. Broussard*, 669 F.3d 537, 554 (5th Cir. 2012); *Wicker v. McCotter*, 798 F.2d 155, 157–58 (5th Cir. 1986) (even when the Supreme Court has granted certiorari, we continue to follow our own precedents unless and until the Court says otherwise); s*ee, e.g., United States v. Matias-Sanchez*, No. 16-51462, 2018 WL 280679, at *2 n.2 (5th Cir. Jan. 3, 2018) (per curiam).

*States v. Diaz Sanchez*, 714 F.3d 289, 294 (5th Cir. 2013).

Here, immediately before sentencing Compian and imposing the special conditions, the sentencing judge stated, "I'm going to look at the factors in 3153 – 3553(a) to come up with a place in the new Guidelines, looking at protecting the public, and it looks quite impossible to deter your future criminal conduct." The judge stated that (1) she intended to follow § 3553(a), which helps determine whether special conditions are appropriate under § 3583, in imposing Compian's sentence, and (2) she considered deterrence and protecting the public as factors in sentencing. Further, when Compian's attorney objected on the basis that the sex offense was twenty-five years old at the time, the judge said the following: "And was the child under the age of twelve that he tried to rape? No, I think he needs to be a registered sex offender." In the context of the proceeding as a whole, it appears that the sentencing judge did appropriately articulate her considerations in sentencing Compian to sex-offender-related special conditions, such that it was not a clear or obvious error. Therefore, Compian's argument that the sentencing judge's explanation was inadequate fails plain error review.

## V.    Conclusion

The district court's judgment is AFFIRMED as modified and remanded to the district court to modify the registration sex-offender-related special condition in accordance with this opinion. The Government's motion to supplement the record is DENIED.