# United States Court of Appeals for the Fifth Circuit

—————————

No. 21-50807
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 9, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Alex Estuardo Ixcopal-Hernandez,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-249-1

_____

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:[*]

Alex Estuardo Ixcopal-Hernandez appeals his conviction for illegal reentry in violation of 8 U.S.C. § 1326(b)(2). He argues that his judgment should reflect a conviction pursuant to § 1326(b)(1) because his predicate offense, a prior California conviction for possession of a controlled substance

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

for sale, was not properly classified as an aggravated felony such that it would support a conviction under § 1326(b)(2).

Because Ixcopal-Hernandez did not object to the entry of a conviction under § 1326(b)(2), we review for plain error only. *See United States v. Trujillo*, 4 F.4th. 287, 291 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 837 (2022). As an initial matter, although Ixcopal-Hernandez has been released from prison and may have already been removed from the United States, this appeal is not moot because his conviction under § 1326(b)(2) has continuing collateral consequences. *See United States v. Vega*, 960 F.3d 669, 673 (5th Cir. 2020); *United States v. Tzacir-Garcia*, 928 F.3d 448, 450 & n.3 (5th Cir. 2019).

Courts employ a categorical approach to determine whether a state offense qualifies as an aggravated felony. *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013); *Vega*, 960 F.3d at 675. We have determined that a conviction pursuant to California Health and Safety Code § 11378 is not categorically an aggravated felony. *See United States v. Castellon-Aragon*, 772 F.3d 1023, 1024-26 (5th Cir. 2014). Under the modified categorical approach, a conviction would constitute an aggravated felony only if documents, such as the charging document or plea agreement, establish that the defendant's conviction was based on a substance prohibited under the Controlled Substances Act (CSA). *See United States v. Gomez-Alvarez*, 781 F.3d 787, 792, 794-96 (5th Cir. 2015).

Ixcopal-Hernandez argues that the record did not contain any approved documents from which the district court could have determined that his conviction under § 11378 involved a substance prohibited under the CSA. He is correct. However, the Government has supplemented the record on appeal. Among the documents submitted by the Government was a felony complaint charging Ixcopal-Hernandez with a violation of California

No. 21-50807

Health and Safety Code § 11378, asserting that he unlawfully possessed methamphetamine for the purpose of a sale.

Because the felony complaint served as the charging document, the complaint is an approved source to establish the fact of a prior conviction under the modified categorical approach. *See Gomez-Alvarez*, 781 F.3d at 794-96. Accordingly, the district court did not plainly err in concluding that Ixcopal-Hernandez's prior California conviction of possession for sale of a controlled substance was an aggravated felony. *See Castellon-Aragon*, 772 F.3d at 1024-26.

The judgment of the district court is AFFIRMED.