**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2010

Lyle W. Cayce
Clerk

No. 09-50343
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DINA CLARISE SMITH,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:08-CR-251-1

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Dina Clarise Smith pleaded guilty, pursuant to a plea agreement, to one count of bank fraud and one count of aggravated identity theft. These charges arose out of a scheme in which Smith, an accountant, wrote fraudulent checks on her client's bank account. Smith made the checks payable to herself and forged the signatures of those authorized to sign them. The district court sentenced her to a 33-month prison term on the bank-fraud count and a 24-month prison term on the aggravated-identity-theft count, to be served

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

consecutively.  The court also ordered her to pay $211,262.99 in restitution to three victims.

Smith first argues that the factual basis was inadequate to support her guilty plea on the identity-theft charge because, she asserts, it did not support the conclusion that she knew the identities used to commit the offense belonged to others as *United States v. Flores-Figueroa*, 129 S. Ct. 1886, 1894 (2009) requires.  Smith did not raise the argument in the district court, and thus our review is for plain error.  *See United States v. Vonn*, 535 U.S. 55, 59 (2002).

In the factual basis, which Smith signed and which she attested was accurate at the rearraignment hearing, she admitted that only three people had the authority to sign checks on behalf of her client and that each time she made a check payable to herself she forged the signatures of two them.  Nothing in the record suggests that Smith's scheme did not involve the identities of actual people; to the contrary, the success of the scheme necessitated that she use the names of the actual people with authorization to sign the checks.  Contrary to Smith's assertion, she was not required to explicitly admit that she knew that the names used to forge the checks belonged to the those who were authorized to sign them; the facts that she admitted were more than sufficient to draw this inference.  *See United States v. Hildenbrand*, 527 F.3d 466, 475 (5th Cir. 2008).

Smith next contends that the Government did not meet its burden to show that two of the victims suffered losses entitling them to restitution.  We assume without deciding that the appeal waiver in the plea agreement does not bar this argument.  *See United States v. Smith*, 528 F.3d 423, 425 (5th Cir. 2008).  Smith failed to object to the findings in the presentence report (PSR) related to restitution or to the restitution order in the district court; thus, our review is for plain error.  *See United States v. Howard*, 220 F.3d 645, 647 (5th Cir. 2000).  The PSR reflects that a probation officer contacted four potential victims and that three declared losses.  Those reported losses were the basis of the PSR's restitution recommendation, which the district court adopted.  Smith presented

no information to the district court suggesting that these victims did not suffer the losses they reported. Indeed, at the sentencing hearing, defense counsel expressly agreed that the recommended restitution as described in the PSR was correct. Moreover in her brief to this court, Smith fails to explain how the information in the PSR is inaccurate. Because Smith failed to rebut the findings in the PSR, the district court did not plainly err in adopting them and using them as the basis for ordering restitution. *See United States v. Smith*, 528 F.3d at 425.

Finally, Smith argues that the district court erred in assessing a two-level offense-level enhancement for using sophisticated means to implement her scheme. However, in the plea agreement, Smith agreed that she would not challenge her conviction or sentence on appeal except in limited circumstances not applicable here. Smith maintains that her appeal waiver should not be enforced because at sentencing the district court told her the she had the right to appeal unless this right had been waived as part of the plea agreement, that she had the right to counsel on appeal, and that a notice of appeal was due within 10 days. Smith explains that this information conflicted with other information she received about the waiver and argues that the district court did not ensure that she fully understood her right to appeal and the consequences of waiving the right.

We enforce appeal waivers as long as they are made voluntarily and intelligently. *United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006). Smith signed the plea agreement, which included the waiver provision, attesting that she had read it, had discussed it with her lawyer, and would comply with its terms. At the rearraignment hearing, Smith again affirmed that she accepted and approved of the agreement, and she waived a reading of it. She did not ask any questions regarding the scope of the appellate waiver. Thus, her waiver is valid. *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). Moreover, there was no error in the district court's statement at sentencing

No. 09-50343

regarding Smith's appellate rights. The court explained to Smith that she had the right to appeal and to appointment of counsel on appeal "assuming your rights to appeal were not given up or waived as part of your plea agreement." Because Smith had waived her right to appeal, there can be no confusion that the rights the court explained did not apply to her. The court's comments did not render the appeal waiver unknowing; indeed, they were entirely consistent with the waiver.

Smith also argues that the appeal waiver does not bar her sentencing appeal because the waiver does not explicitly forbid challenges to the guidelines calculations. We enforce broad appellate waivers and have declined to examine the correctness of applying a particular guideline where the defendant has agreed to a general waiver of the right to appeal the sentence. *United States v. Bond*, 414 F.3d 542, 546 (5th Cir. 2005). Moreover, Smith explicitly gave up her right to challenge the guidelines calculations. In addition to the general appeal waiver where Smith "waive[d] the right to appeal any aspect of the conviction and sentence," the agreement explained that Smith's sentence would be determined using the Sentencing Guidelines, that guidelines calculations "can be extremely complicated" and that "[e]ven if the sentence is worse than [Smith] expects," she would "nonetheless be barred from" challenging the sentence on appeal. Accordingly, we will enforce the waiver and decline to address Smith's sentencing argument.

**AFFIRMED**.