**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 17, 2012

Lyle W. Cayce
Clerk

No. 11-30327

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHEMICAL & METAL INDUSTRIES, INCORPORATED,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana

Before SMITH, GARZA, and SOUTHWICK, Circuit Judges.

LESLIE H. SOUTHWICK, Circuit Judge:

The appeal is from a judgment of conviction and the sentence of a corporation for negligent endangerment that resulted in death. *See* 42 U.S.C. § 7413(c)(4). The sentence included a $1,000,000 fine and a restitution award of $2,000,000. We agree that there was no evidence to support either amount. We MODIFY the fine and VACATE the restitution order. As modified, the judgment is AFFIRMED.

## FACTS

C&MI is a company that recycles hazardous compounds used by manufacturers. One of its clients is Honeywell. On July 30, 2003, a Honeywell employee, Delvin Henry, died from exposure to toxins released from a container

No. 11-30327

that C&MI had mislabeled as holding a non-toxic refrigerant. It actually contained highly toxic industrial waste.

Almost five years later, a federal grand jury in the Middle District of Louisiana returned a two-count indictment against C&MI. Count one alleged that C&MI violated 42 U.S.C. § 6928(d)(2)(A) by illegally storing hazardous waste. Count two alleged a violation of 42 U.S.C. § 7413(c)(4), negligent endangerment that results in death. In January 2010, C&MI entered into a written agreement with the government by which it agreed to plead guilty to count two in exchange for the dismissal of count one. It also waived its right to appeal, save for any punishment imposed in excess of the statutory maximum or claim of ineffective assistance of counsel.

At sentencing, the district court adopted the factual findings in the pre-sentence report. It noted that Honeywell, in a separate proceeding which stemmed from Henry's death, had also been tried and sentenced. Thereafter the district court accepted the plea agreement, sentenced C&MI to two years of probation, fined the company $1,000,000, and ordered it to pay $2,000,000 in restitution. C&MI appeals the size of the fine and the award of restitution as exceeding the amount authorized by the relevant statutes.

## DISCUSSION

The government asserts that C&MI may not appeal the restitution award due to the appellate waiver contained in the plea agreement. C&MI disagrees, relying on a reservation clause in the agreement.

By the terms of its plea agreement, C&MI "expressly waives the right to appeal its conviction and sentence" except for "the right to appeal any punishment in excess of the statutory maximum." The pertinent statute is 18 U.S.C. § 3664. It allows "restitution to each victim in the full amount of each victim's losses as determined by the court." 18 U.S.C. § 3664(f)(1)(A). The general rule is that the statute does not authorize a restitution order that

exceeds the victim's losses. *See United States v. Norris*, 217 F.3d 262, 271-72 (5th Cir. 2000). As one court explained, "an order of restitution that exceeds the victim's actual losses or damages is an illegal sentence." *United States v. Middlebrook*, 553 F.3d 572, 579 (7th Cir. 2009) (quotation marks and citation omitted). C&MI contends that the restitution order exceeds the statutory maximum because there is no evidence regarding loss. Thus it argues it is appealing a "punishment in excess of the statutory maximum." *See United States v. Hudson*, 483 F.3d 707, 709-10 (10th Cir. 2007). We agree.

We review *de novo* whether a sentence exceeded the statutory maximum. *United States v. Shabazz*, 633 F.3d 342, 344 (5th Cir. 2011). Both the fine and restitution award are subject to this argument. The district court imposed the fine pursuant to 42 U.S.C. § 7413(c)(4). Generally, such a fine may be no more than $500,000. *See* 18 U.S.C. § 3571(c). An alternative fine is available if a pecuniary gain or loss is proven. *See* 18 U.S.C. § 3571(d). The district court, relying on the alternative provision, imposed a $1,000,000 fine. The government concedes that this was error because the court failed to find, and there was no evidence of, any pecuniary gain or loss.

Similarly, the court ordered C&MI to pay $2,000,000 in restitution. The government agrees with C&MI that this order was also impermissible because there was no finding of loss. *See Middlebrook*, 553 F.3d at 579.

C&MI and the government disagree over the proper remedy for these errors. C&MI acknowledges that it would be appropriate for this court to impose a fine of $500,000. *See* 18 U.S.C. § 3571(c). The government, while admitting that it failed to meet its burden before the district court, asks that we remand the case so that it can try again. C&MI argues that is improper.

The government generally may not present new evidence on remand when reversal is required due to the failure to present evidence originally. *United States v. Archer*, 671 F.3d 149, 168-69 (2d Cir. 2011). The government points to

No. 11-30327

three factors that justify disregarding the general rule. First, the record in another criminal case to which C&MI was not a party supports the loss finding.[1] Next, C&MI failed to object to the sentence before the district court. Third, due to the death of the district court judge, "it may be impossible at this juncture for the new district judge . . . to explain the basis for the fine imposed."

The first point is an admission that the government had a chance to prove the amount of loss during the original proceeding before the district court. The second misreads our precedents. When a litigant fails to object in the district court, this court does not usually return the case but reviews for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). The third factor merely recognizes that the fine cannot now be explained. These factors, either singularly or together, fail to show that this case involves special circumstances. The government failed to meet its burden in the first proceeding before the district court. *See* 18 U.S.C. § 3664(e). It will not receive a second chance.

The government admits this record contains no evidence regarding the amount of pecuniary loss suffered by Henry's estate. Restitution therefore cannot be awarded. *See* 18 U.S.C. § 3571(c). The maximum fine is $500,000.

We MODIFY the fine to $500,000 and VACATE the restitution award. The judgment of conviction and sentence, as modified, are AFFIRMED.

---

[1] Both parties' appellate briefs state that a $2 million restitution award to the Henry estate was entered in the 2007 sentencing of Honeywell for the same events, and a record was made at that sentencing to support the award. Nothing from that record was introduced at the C&MI sentencing. We note that at oral argument, the government suggested C&MI's restitution obligation would have been joint and several with Honeywell's.

4