# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-30217
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 15, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JACKSON DESOUZA, also known as Jackson Rodriguez Desouza, also known as Juan Dicupe,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CR-123-1

Before JOLLY, BENAVIDES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jackson Desouza pleaded guilty pursuant to a plea agreement to bank fraud and aggravated identity theft and was sentenced to a total of 38 months of imprisonment, five years of supervised release for each count, a $1000 fine, and restitution in the amount of $11,005.51. He argues that the restitution order exceeds the statutory maximum amount authorized by the Mandatory

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30217

Victim Restitution Act (MVRA) because the record does not contain sufficient supporting evidence.  He further contends that the appeal is not barred by the appeal waiver in his plea agreement because it falls within the exception allowing an appeal of a punishment that exceeds the statutory maximum.

The plea agreement provided in pertinent part that Desouza waived his right to appeal his guilty plea, conviction, sentence and "any restitution imposed by any judge under any applicable restitution statute."  However, he reserved the right to appeal a punishment in excess of the statutory maximum.  Because Desouza argues that the restitution order exceeds the statutory maximum amount of restitution authorized by the MVRA, that argument is not barred by the appeal waiver.  *See United States v. Chemical and Metal Industries, Inc*, 677 F.3d 750, 752 (5th Cir. 2012); *United States v. Sharma*, 703 F.3d 318, 321 n.1, 322-23 (5th Cir. 2012).

Desouza did not object to the restitution order in the district court.  This court recently recognized the conflicting precedent on the standard of review in restitution cases, noting a line of cases where this court has "applied de novo review to a claim that a restitution order was illegal . . . even where an objection was not raised at sentencing."  *United States v. Bevon*, 602 F. App'x 147, 151 (5th Cir. 2015) (citing, inter alia, *United States v. Nolen*, 472 F.3d 362, 382 (5th Cir. 2006)).  We need not resolve this issue because the restitution order cannot survive even plain error review.

The MVRA authorizes restitution to a victim "directly and proximately harmed" by a defendant's offense of conviction.  *Sharma*, 703 F.3d at 322 (internal quotation marks and citation omitted).  "An award of restitution greater than a victim's actual loss exceeds the MVRA's statutory maximum."  *Id.*  The Government has the burden of proving the victim's loss amount.  *United States v. De Leon*, 728 F.3d 500, 506 (5th Cir. 2013).

No. 15-30217

The Presentence Report (PSR) stated that the Government indicated the loss suffered by the victim was $11,005.51, and the factual basis and the PSR list only one specific fraudulent check in the amount of $1,000 that Desouza deposited into the bank account at issue.  However, no evidence was cited in support of the Government's figure.  Because the PSR did not have an adequate evidentiary basis to support this amount, the district court erred in adopting it without requiring the Government to present supporting evidence.  *See United States v. Zuniga*, 720 F.3d 587, 591 (5th Cir. 2013).  Even if the plain error standard of review applies, the district court's error was clear and obvious under this court's precedent.  *See De Leon*, 728 F.3d at 507-09; *United States v. Austin*, 479 F.3d 363, 373 (5th Cir. 2007).  "When a defendant is ordered to pay restitution, in an amount greater than the loss caused, the error affects substantial rights as well as the fairness and integrity of the judicial proceeding."  *Austin*, 479 F.3d at 373; *see also United States v. Inman*, 411 F.3d 591, 595 (5th Cir. 2005).  Therefore, the district court plainly erred in ordering Desouza to pay restitution in the amount of $11,005.51.  *See Austin*, 479 F.3d at 373; *Inman*, 411 F.3d at 595.  Accordingly, the restitution order is vacated, and the case is remanded for reconsideration of the appropriate amount of restitution based on the evidence already in the record.  *See Sharma*, 703 F.3d at 327.

VACATED AND REMANDED.