# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 14-11305
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
February 1, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NICOLAS A. PADRON,

Defendant-Appellant

———————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CR-211

———————

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Nicolas A. Padron pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to unlawfully distribute hydrocodone outside the scope of professional practice and without a legitimate medical purpose. As part of the plea agreement, Padron waived his rights under 28 U.S.C. § 1291 and 18 U.S.C. § 3742 to appeal his conviction and sentence. He also waived his right to challenge his conviction and sentence in any collateral proceeding. As

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pertinent to the instant appeal, Padron reserved the right to appeal directly a sentence exceeding the statutory maximum or an arithmetic error at sentencing. The district court sentenced Padron to 87 months of imprisonment and ordered the sentence to run consecutively to a previously imposed 57-month federal sentence for a healthcare fraud conviction. It also imposed a two-year term of supervised release.

Padron argues that the district court misapplied U.S.S.G. § 5G1.3(b) by imposing consecutive sentences because his sentence for the healthcare fraud conviction arose out of relevant conduct to the instant offense. He contends that the appeal waiver does not prohibit us from considering whether the district court erred in imposing consecutive sentences because the total term of 144 months of imprisonment exceeds the statutory maximum of 10 years of imprisonment for the instant offense and, thus, satisfies the exception in the appeal waiver.

We review the validity of an appeal waiver de novo. *See United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002). To determine whether an appeal of a sentence is barred by an appeal waiver provision in a plea agreement, we analyze whether the waiver was knowing and voluntary and whether the waiver applies to the circumstances at hand, based on the plain language of the agreement. *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).

Even assuming Padron could appeal his sentence based on the reservation of the right to appeal a sentence in excess of the statutory maximum, the remaining language of the appellate waiver remains enforceable. We have consistently enforced broad appellate waivers and have declined to examine the correctness of applying a particular Guideline where the defendant has agreed to a general waiver of the right to appeal the sentence. *See Bond*, 414 F.3d at 545-46; *United States v. Smith*, 404 F. App'x

No. 14-11305

884, 886-87 (5th Cir. 2010).  In this matter, the plea agreement stated that Padron was waiving his right to challenge his sentence under § 3742. Section 3742 authorizes a defendant to file a notice of appeal "if the sentence . . . was imposed as a result of an incorrect application of the sentencing guidelines."  § 3742(a)(2).  Padron's argument regarding the imposition of consecutive sentences rests solely on the district court's alleged misapplication of § 5G1.3(b).  Therefore, regardless of whether the imposition of consecutive sentences amounts to a sentence exceeding the statutory maximum, the appeal waiver is still enforceable because Padron seeks to challenge his sentence under § 3742(a)(2), and, thus, we need not address the merits of Padron's appeal.  *See Bond*, 414 F.3d at 545-46.

**AFFIRMED**.