# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11208
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 5, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff—Appellee,

v.

CHRISTIAN WINCHEL,

Defendant—Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-79-1

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Pursuant to a written agreement with the Government, Christian Winchel pleaded guilty to production of child pornography, transporting and shipping child pornography, and possession of prepubescent pornography. The district court sentenced Winchel to 600 months of imprisonment, apportioned among the three counts, to be followed by a supervised release term of life. Winchel now argues that the district court committed reversible plain error by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11208

ordering him to pay restitution without determining the extent to which his conduct proximately caused the victims' losses, as required by *Paroline v. United States*, 134 S. Ct. 1710 (2014). The Government moves to dismiss the appeal on the grounds that it is barred by an appellate waiver provision in Winchel's plea agreement.

Winchel waived his right to appeal or collaterally attack his convictions or sentences, including restitution, but retained his right to challenge a sentence exceeding the statutory maximum. This court held in *United States v. Chemical & Metal Industries, Inc.*, 677 F.3d 750, 752 (5th Cir. 2012), that an appeal waiver reserving the right to appeal any punishment in excess of the statutory maximum did not bar review when "the restitution order exceeds the statutory maximum because there is no evidence regarding loss." In the present case, the district court did not consider whether the amounts awarded relate to the injuries proximately caused by the defendant's conduct as to each victim seeking restitution. Winchel's claim is that the amounts awarded did exceed the losses proximately caused, and therefore, that the amounts he was ordered to pay in restitution exceed the statutory maximum. The appeal waiver does not foreclose this claim on appeal.

This court recently recognized the conflicting precedent on the standard of review in restitution cases, noting a line of cases where this court has applied de novo review to a claim that a restitution order was illegal despite the defendant's failure to object at sentencing. *United States v. Bevon*, 602 F. App'x 147, 151 (5th Cir. 2015) (per curiam). We need not resolve this issue because the restitution order cannot survive even plain error review. To establish plain error, Winchel must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the error if

2

No. 16-11208

it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

In *Paroline*, the Supreme Court held that in child pornography cases the amount of restitution awarded a victim must relate to those injuries proximately caused by the defendant's conduct in the particular case. *See* 134 S. Ct. at 1727-28. We recently vacated a restitution order on plain error review where the district court failed to conduct a *Paroline* analysis. *United States v. Jimenez*, 692 F. App'x 192, 202-03 (5th Cir. 2017) (per curiam). *Jimenez* is materially indistinguishable.

The Government's motion to dismiss is DENIED. We VACATE the restitution order and REMAND the case to the district court. The Government may present additional evidence of the victims' losses.