**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3301
_____

UNITED STATES OF AMERICA

v.

DENIS KELLIHER,
                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-17-cr-00485-001)
District Judge: Honorable Michael M. Baylson

_____

Argued: September 21, 2020

Before: AMBRO, PORTER, and ROTH, *Circuit Judges*

(Filed: March 9, 2021)

Christy Martin        **[Argued]**
Federal Community Defender Office
  for the Eastern District of Pennsylvania
601 Walnut Street
The Curtis Center, Suite 540 West
Philadelphia, PA 19106
        *Counsel for Appellant*

Anita D. Eve
Robert A. Zauzmer **[Argued]**
Office of United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
        *Counsel for Appellee*

---

OPINION[*]

---

PORTER, *Circuit Judge*.

While Denis Kelliher was on supervised release from a prior fraud conviction, he participated in a fraudulent boat-selling scheme. After he pleaded guilty to wire fraud, the District Court sentenced him to 96 months in prison. Kelliher appealed that sentence, contending that the record lacked sufficient evidence to prove the existence of ten or more victims, so a two-level enhancement was improper. The government conceded that there was insufficient evidence to support the enhancement. We accepted the government's concession, vacated Kelliher's sentence, and remanded for resentencing. Kelliher now contends that the District Court erred when it (1) reopened the record at resentencing, (2) counted ten or more victims, and (3) provided an alternative basis for the 96-month sentence, so that even if the ten-victim enhancement were improper, Kelliher would still receive the same 96-month sentence. Finding no reversible error, we will affirm.

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

# I

While Kelliher was on supervised release from a previous fraud conviction, he began working at Trenton Marine Center. At Trenton Marine, Kelliher brokered the sale of high-end boats and marine equipment. But after Kelliher sold a boat, he sometimes kept the money for himself instead of reimbursing the boat's owner. When the boat owners demanded the money Kelliher owed them, he issued payment through bank accounts that he knew were underfunded or already closed. Kelliher eventually pleaded guilty to one count of wire fraud in violation of 18 U.S.C. §§ 1343 and 2.

At the initial sentencing, the District Court determined that Kelliher was subject to a two-level enhancement under U.S.S.G. § 2B1.1(b)(2)(A)(i) based on its finding that Kelliher's scheme harmed ten or more victims. Because of this enhancement and a three-level reduction for acceptance of responsibility, Kelliher's total offense level was 26, yielding a Sentencing Guidelines range of 78–97 months' imprisonment. The court imposed a 96-month sentence. Kelliher appealed, contending that the court erred when it imposed the two-level enhancement because the government presented insufficient evidence to support a finding of ten or more victims. The government conceded the errors and recommended that we vacate and remand for resentencing. We agreed.

On remand, the government did not again seek the ten-victim enhancement. Instead, the government requested an upward variance based on the sentencing factors in 18 U.S.C. § 3553(a) and newly identified losses. The court allowed the government to present supplemental evidence of victim losses, and Kelliher had the opportunity to respond to and rebut the supplemental evidence. The court readopted its 96-month

3

sentence based on its determination that there were ten victims and that the calculations in the Presentence Investigation Report were still correct. The court also stated that even if the two-level enhancement were inappropriate, the court would still reach the same 96-month sentence by imposing an upward variance based on Kelliher's prior criminal record and the details of his scheme. Kelliher timely appealed and asks that we once again remand for resentencing.[1]

## II

We will affirm the District Court's judgment. And because it correctly counted ten or more victims, we need not reach Kelliher's third argument about the District Court's alternate grounds for the 96-month sentence.

## A

Kelliher first contends that the District Court abused its discretion by reopening the record and allowing the government to present supplemental evidence of victim losses. "An abuse of discretion occurs only where the district court's decision is 'arbitrary, fanciful, or clearly unreasonable'—in short, where 'no reasonable person would adopt the district court's view.'" *United States v. Green*, 617 F.3d 233, 239 (3d Cir. 2010) (quoting *United States v. Starnes*, 583 F.3d 196, 214 (3d Cir. 2009)). And "decisions to reopen proceedings are traditionally a discretionary matter for the district

---

[1] The District Court had subject-matter jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291.

4

court." *United States v. Trant*, 924 F.3d 83, 90 (3d Cir. 2019) (quoting *United States v. Coward*, 296 F.3d 176, 180 (3d Cir. 2002)).

When determining whether to reopen a proceeding, a district court must consider whether (1) reopening would prejudice the party opposing it, and (2) the party supporting reopening provided "a reasonable explanation for its failure to initially present the evidence." *United States v. Smith*, 751 F.3d 107, 114 (3d Cir. 2014). The prejudice prong is the "paramount factor" for the court to consider, and "[t]iming is key to this analysis." *Id.* If the opposing party has the "'opportunity to respond and attempt to rebut the evidence introduced,' the possibility of prejudice is greatly lessened." *Id.* (quoting *Coward*, 296 F.3d at 181). And for the reasonable-explanation prong, we recognize that a district court is in a much better position to weigh the merits of the party's rationale. *Coward*, 296 F.3d at 182; *United States v. Vastola*, 915 F.3d F.2d 865, 876 (3d Cir. 1990). The District Court did not abuse its discretion in granting the government's request to reopen the record.

Most importantly, Kelliher was not prejudiced by the evidence presented on remand. Kelliher had the opportunity to respond to and rebut the new testimony through extensive cross-examination.

The District Court also acted reasonably, not arbitrarily or fancifully, in accepting the government's reasoning. First, the government explained that it was introducing supplemental evidence in support of its request for an upward variance, not the ten-victim enhancement. So the government took a more arduous path in seeking the same sentence. Second, the government said that it did not initially include Frank Martins as a victim

5

because it believed that Martins was reimbursed for the funds he gave Kelliher. And third, the government explained that it failed to offer the evidence of additional victims in part because it thought it already had evidence of ten victims without including them.

The dissent does not believe the government gave a reasonable explanation for its failure to initially present the evidence. But here, the District Court has already decided that the government's reasoning was sufficiently persuasive. Our job is merely to ask whether the court's decision was an abuse of discretion—not whether we would do things differently. Abuse of discretion is a high bar: we will not encroach on the court's discretion unless "no reasonable person would adopt the district court's view." *Starnes*, 583 F.3d at 214. Here, the court's decision to accept the government's explanation satisfies that standard.

As the dissent correctly notes, we said in *United States v. Dickler* that the government "should *ordinarily* have to stand or fall on the record it makes the first time around. It should not *normally* be afforded 'a second bite at the apple.'" 64 F.3d 818, 832 (3d Cir. 1995) (emphasis added). We conceded, however, that "we perceive no constitutional or statutory impediment to the district court's providing the government with an additional opportunity to present evidence on remand if it has tendered a persuasive reason why fairness so requires." *Id*.

Kelliher contends that we must remand for resentencing because the government's reasons for reopening the sentencing record were insufficiently persuasive, violating the principles of *Dickler*. But *Dickler* is procedurally distinct from this case. In *Dickler*, the district court had not yet ruled on whether the record should be reopened; we remanded

the case for resentencing and provided guidance because we anticipated that "the question may arise whether the district court is restricted to resentencing the defendants based on the current record." *Id.* at 831. But we were careful not to "suggest that the government should or should not be permitted to offer further evidence in this case on remand." *Id.* at 832. Instead, we emphasized that "[t]he district court is in a far better position than we to assess the situation in the light of the circumstances surrounding the original sentencing hearing." *Id.*

Here, we are not writing on a blank slate and anticipating arguments that might be raised on remand. The District Court already ruled in favor of reopening; the only question is whether it abused its discretion in doing so. While we may not find the government's reasons particularly compelling,[2] the District Court—which is in a far better position than we to assess the situation—reasonably found those justifications persuasive. Our conclusion is supported by a combination of factors: the court's wide discretion at sentencing, the government's decision to seek a variance rather than continue to pursue an enhancement, and, most importantly, the lack of prejudice to Kelliher. *See Trant*, 924 F.3d at 90 (holding that the government's reason for failing to introduce evidence was "hardly compelling"—it "simply forgot"—but the district court did not abuse its discretion when it reopened the record because no prejudice resulted).

---

[2] We have previously rejected a reopening of the record for lack of a sufficiently "persuasive reason." *See United States v. Rowe*, 919 F.3d 752, 763 (3d Cir. 2019).

7

**B**

Kelliher claims the District Court clearly erred in finding ten or more victims because two of the alleged victims—Jeff McCoun and Frank Martins—do not qualify as victims under the Sentencing Guidelines. We are not persuaded. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). Further, the "information relied upon at sentencing must have 'sufficient indicia of reliability to support its probable accuracy.'" *United States v. Berry*, 553 F.3d 273, 280 (3d Cir. 2009) (quoting *United States v. Warren*, 186 F.3d 358, 364–65 (3d Cir. 1999)).[3]

The District Court determined—partly based on the supplemental testimony of McCoun and Martins—that the offense "involved 10 or more victims" under U.S.S.G. § 2B1.1(b)(2)(A)(i). Under the Guidelines' commentary, a "victim" includes "any person who sustained any part of the actual loss determined under subsection (b)(1)." *Id.* § 2B1.1 cmt n.1. The bar for actual loss "is not high . . . . [M]onetary harm can include even 'the expenditure of time and money to regain misappropriated funds and replace compromised bank accounts.'" *United States v. Moreno*, 809 F.3d 766, 776 (3d Cir. 2016) (quoting *Smith*, 751 F.3d at 119); *see also Smith*, 751 F.3d at 120 (account holders who were not reimbursed for "the expenses involved with their trips or the time spent in communication with the banks" were victims under the Guidelines).

---

[3] "[F]acts that are considered at sentencing, as a general matter, must be proved by a preponderance of the evidence." *Berry*, 553 F.3d at 280.

Kelliher contends that the District Court clearly erred by counting McCoun as a victim because the evidence presented did not constitute actual loss and it lacked sufficient indicia of reliability. We disagree. FBI Agent Kurt Kuechler testified about McCoun's actual loss based on his years of involvement in the case and his interviews with McCoun. According to Agent Kuechler, McCoun reported that he and his associates took time off work, traveled to New Jersey, and prepared for the delivery of a boat that never arrived. McCoun also said that although Kelliher's business partner, Gerald Tipton, reimbursed him for the travel and accommodations from his last trip to New Jersey, Tipton never reimbursed him for other expenses—his time off work, his efforts preparing for the boat delivery, and the travel expenses from the first trip he took to New Jersey to buy the boat. These expenses appear to overcome the "actual loss" bar, which, as we noted, "is not high." *See Moreno*, 809 F.3d at 776.

The evidence also shows sufficient indicia of reliability. McCoun's testimony contained no internal inconsistencies, and Agent Kuechler corroborated McCoun's statements with his own findings, seized reimbursement records, sales receipts from the boats, and interviews with Tipton. We are thus not "left with a definite and firm conviction that a mistake has been committed" by the District Court. *U.S. Gypsum Co.*, 333 U.S. at 395. The District Court did not clearly err by counting McCoun as a victim.

Kelliher also contends that the District Court clearly erred by counting Martins as a victim because the government failed to prove that the Martins transaction was part of the charged offense or that Kelliher even had access to the Martins funds. We again disagree. The government showed that Martins (1) wired money to Trenton Marine at the

9

direction of Kelliher while the scheme was ongoing; (2) received pictures of the boat from Kelliher; (3) never received the promised boat and engines; and (4) has a court judgment against Kelliher and Trenton Marine for $780,000 in losses. Based on this testimony, we are not left with a firm conviction that the District Court made a mistake in concluding Martins was a victim. Thus, the District Court did not clearly err.

* * *

In sum, the District Court did not abuse its discretion in admitting the supplemental evidence or clearly err in applying the ten-victim enhancement. We will affirm the District Court's judgment sentencing Kelliher to 96 months' imprisonment.[4]

---

[4] As we previously stated, we need not address Kelliher's procedural attack on the District Court's alternative basis for the 96-month sentence. But had we reached the issue, we would have determined that the District Court did not plainly err in its alternative basis for the 96-month sentence.

ROTH, <u>Circuit Judge</u>, dissenting.

The government concedes that its "failure to meet its burden" at the defendant's initial sentencing was "clear"[1] and offers no persuasive excuse for that failure. Nevertheless, at resentencing, the District Court permitted the government to introduce additional evidence and reinstated the original sentence. Because the Majority supports that result, it defies our well-established precedent that the government may not have a second bite at the apple without a persuasive reason. I respectfully dissent.

**I**

"[W]here the government has the burden of production and persuasion as it does on issues like enhancement of the offense level . . . , its case should ordinarily have to stand or fall on the record it makes the first time around."[2] "We have recognized a *limited* exception to our distaste for 'a second bite at the apple'" at resentencing where the government "has tendered a *persuasive* reason why fairness" requires that it be permitted to offer new evidence.[3] "If the government, for *want of notice* or any other reason *beyond its control*, does not have a fair opportunity to fully counter the defendant's evidence and

---

[1]    Gov't's Mot. to Vacate J. & Remand for Resentencing at 5, *United States v. Kelliher*, No. 18-2512 (3d Cir. Mar. 13, 2019).

[2]    *United States v. Dickler*, 64 F.3d 818, 832 (3d Cir. 1995)

[3]    *United States v. Rowe*, 919 F.3d 752, 763 (3d Cir. 2019) (emphases added) (citing *Dickler*, 64 F.3d at 832 (quoting *United States v. Leonzo*, 50 F.3d 1086, 1088 (D.C. Cir. 1995))).

1

the government's theory does not carry the day, the district court is entitled to permit further record development on remand."[4]

The government chose to include McCoun, Martins, Ciasulli, and Carolla on its victims list at the first hearing, even though its threadbare investigation into their transactions indicated that at least three of them were not "victims" under our precedents.[5] The government did not even interview McCoun before the hearing, and its cursory investigation resulted in grossly inaccurate testimony about Martins. The government does not argue that it was unable to collect and present additional evidence about these individuals at the first hearing; it simply chose not to do so. Both McCoun and Martins apparently were willing to provide more information: McCoun participated in interviews after remand, and Martins testified at the second hearing. I would hold the government to its own investigatory choices and require the District Court to impose a sentence based on the evidence that had been presented at the first hearing.

## A

The government offers two contradictory excuses for its failure at the first hearing to offer evidence that McCoun and Martins suffered unreimbursed losses. The government

---

[4]     *Dickler*, 64 F.3d at 832 (emphases added); *see also United States v. Johnson*, 587 F.3d 203, 213 (3d Cir. 2009) (finding adequate excuse where government was unable to produce a plea colloquy because of "personnel turnover in the office that provides transcription services for the court in which [the defendant's] simple assault conviction arose").

[5]     *See United States v. Smith*, 751 F.3d 107 (3d Cir. 2014); *United States v. Kennedy*, 554 F.3d 415 (3d Cir. 2009).

first argues that it felt it already had ten victims without McCoun and Martins. This is the only excuse it offered in the District Court.

The government's second excuse, however, shows that its first excuse was pretextual. Specifically, it argues for the first time on appeal that it failed to present additional evidence because Kelliher did not object to the insufficient evidence at the first hearing.[6] Which is it: Did the government think that it met its burden without McCoun and Martins, or did it fail even to think about its burden until Kelliher raised it on the first appeal? It is clear that the government did not think about this issue until the appeal, which is why it immediately conceded that its "failure to meet its burden" was "clear."[7]

The government's second excuse should also fail. As an initial matter, Kelliher *did* raise some of these issues in his Sentencing Memorandum: He objected to the number of victims and argued that McCoun was not a victim, citing *Kennedy*, and that Ciasulli was not a victim for other reasons that the government included in its Motion to Vacate. In any event, defendant's failing to object is no excuse for the government's failure to meet its burden.[8] The government has an obligation to meet its burden of proof, independent of any objection.[9] The government is on notice of that obligation, and its ability to comply

---

[6]    Gov't's Br. at 25–26.

[7]    Gov't's Mot. Vacate J. at 5.

[8]    *See United States v. Chem. & Metal Industs., Inc.*, 677 F.3d 750, 753 (5th Cir. 2012) (holding that the government may not present new evidence on remand even where the defendant failed to object to the original sentencing).

[9]    *Cf. Berger v. United States*, 295 U.S. 78, 88 (1935) ("The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty . . . whose interest . . . in a criminal prosecution is not that it shall win a case, but that justice shall be done."); *United States v. Coward*, 296 F.3d 176, 182 (3d Cir. 2002) (stating in *dictum* that

3

with our precedents was not "beyond its control."[10]  The government should not be allowed to treat the first sentencing as a dress rehearsal.  At the very least, where, as here, the government's failure to meet its burden was abundantly clear, it should be limited to the evidence presented at the first hearing.  When we granted the government's Motion to Vacate, it "ha[d] already been given one full and fair opportunity to offer whatever proof about [McCoun and Martins] it could assemble.  . . . One bite at the apple is enough."[11]

**B**

The government argues that it need not offer a persuasive reason where the defendant is not prejudiced by reopening the record, such as where the defendant can cross-examine the witnesses.  I disagree.  First, this argument is inconsistent with our rule that the government "*ordinarily* is only afforded one opportunity to carry its burden."[12]  Defendants will be able to cross-examine witnesses at most (if not all) resentencing

---

"[t]he government may not shift the blame to the District Court for its own failure to advise the court of the applicable law and to bear its burden of proof on a clearly established requirement"); Am. Bar Ass'n, CRIMINAL JUSTICE STANDARD FOR THE PROSECUTION FUNCTION 3-7.2(a) ("The severity of sentences imposed should not be used as a measure of a prosecutor's effectiveness."); ABA Standard 3-4.3(a) ("A prosecutor should seek or file criminal charges only if the prosecutor reasonably believes that . . . *admissible evidence will be sufficient to support conviction beyond a reasonable doubt* . . . ." (emphasis added)).

[10]   *Dickler*, 64 F.3d at 832; *accord United States v. Archer*, 671 F.3d 149, 168 (2d Cir. 2011) ("The consensus among our sister circuits is that generally where the government knew of its obligation to present evidence and failed to do so, it may not enter new evidence on remand.").

[11]   *United States v. Parker*, 30 F.3d 542, 553–54 (4th Cir. 1994).

[12]   *United States v. Rowe*, 919 F.3d 752, 762–63 (3d Cir. 2019) (emphasis added) (citation omitted).

4

hearings. Accepting the government's argument would thus turn our ordinary rule into a rare exception.

Second, defendants are almost always prejudiced by reopening the record where the new evidence is used to impose a higher sentence. If defendants must show the type of "prejudice" contemplated by the government, we would read *Dickler* nearly out of existence.

Third, the government's position is inconsistent with our precedent. As the government concedes, in our mandates remanding cases for sentencing, without addressing potential prejudice, we have preempted district courts *ex ante* from reopening the record where the government did not offer a persuasive reason.[13] Although a "district court is in a far better position" to assess whether the record should be reopened,[14] its discretion is not unlimited, and it should not be able to reopen the record without a persuasive reason from the government.

The Majority relies on *United States v. Smith*,[15] and *United States v. Trant*.[16] Both are inapposite. The *Smith* court did not hold that a lack of prejudice was a substitute for a persuasive excuse. To the contrary, it reaffirmed the requirement that "a party seeking to reopen a proceeding *must provide a reasonable explanation for its failure to initially*

---

[13]    *See id.* at 763 (ordering district court not to reopen record on remand because government lacked a "persuasive reason"); *see also United States v. Cespedes*, 663 F.3d 685, 691 (3d Cir. 2011) (holding that under *Dickler* the government could not again seek sentencing enhancement on remand).

[14]    *Dickler*, 64 F.3d at 832.

[15]    751 F.3d 107 (3d Cir. 2014).

[16]    924 F.3d 83 (3d Cir. 2019); *see also* Gov't Br. at 26.

5

*present the evidence.*"[17]   There, the government had a persuasive excuse:  Other circuits had not unanimously agreed on the reimbursement issue, and we decided the controlling case (*Kennedy*) *after* Smith's initial sentencing.[18]   But the government apparently did not learn its lesson:  It once again asks us to reopen the record to correct its mistakes under *Kennedy*.  This time, however, the government has no excuse.  Both *Kennedy* and *Smith* were decided long before Kelliher's first sentencing, which is why the government conceded in the first appeal that its error was "clear."

In *Trant*, we held that the government, immediately after resting, could reopen its case-in-chief to submit a stipulation it had forgotten to put on the record.  We limited our holding, however, to trials, in part because of the many "opportunities for technical requirements or details to be overlooked during the often high pressure of a trial proceeding[.]"[19]  By contrast, Kelliher's sentencing was short and informal, involved only a few witnesses, and was not governed by rules of evidence.  Moreover, the government did not merely forget to enter a piece of evidence immediately after resting:  It failed to even investigate the evidence at issue until after remand.  "The government's burden of proof . . . is not merely a 'technical requirement' . . . but a critical requirement of criminal law."[20]

---

[17]    *Smith*, 751 F.3d at 114 (emphasis added).
[18]    *Id.* at 115.
[19]    *Trant*, 924 F.3d at 89.
[20]    *United States v. Coward*, 296 F.3d 176, 182 (3d Cir. 2002).

6

In sum, our cases require a persuasive reason to reopen the sentencing record on remand, not just a lack of prejudice. We cannot and should not deviate from that requirement.

## II

The government asks us alternatively to affirm Kelliher's sentence based on the District Court's upward variance. It suggests that there is some meaningful distinction between seeking a variance based on the number of victims and re-seeking the enhancement. But the government cannot evade *Dickler* by relabeling its motion. Just as the government had an obligation at the initial hearing to introduce evidence in support of the enhancement, it also had an obligation to introduce any evidence that it wanted the District Court to consider under § 3553(a).

In order to give us a basis to determine that the District Court's decision to reopen the record was harmless error, the government must show that it is "clear that the error did not affect the district court's selection of the sentence imposed."[21] In view of the facts and argument presented at the resentencing, I cannot conclude that the variance was not tainted by the new evidence. I would, therefore, vacate the sentence and remand for resentencing.[22]

---

[21] *United States v. Langford*, 516 F.3d 205, 215 (3d Cir. 2008).

[22] *See United States v. Juwa*, 508 F.3d 694, 701–02 (2d Cir. 2007) (remanding where the basis of sentence was unclear); *United States v. Curran*, 967 F.2d 5, 7 (1st Cir. 1992) (same); *cf. United States v. Negroni*, 638 F.3d 434, 446 (3d Cir. 2011) (holding that district court erred in failing to explain reasons for downward variance);*United States v. Merced*, 603 F.3d 203, 219–20 (3d Cir. 2010) (reversing where district court failed "to 'plainly state

7

**III**

In conclusion, I take no position as to what sentence Kelliher should have received. However, because I believe that the government was not entitled to a second bite at the apple and that the District Court's variance probably was tainted by the new evidence, I respectfully dissent.

---

the reasoning' behind its sentence" (quoting *United States v. Levinson*, 543 F.3d 190, 197 (3d Cir. 2008))).