# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 9, 2022

Lyle W. Cayce
Clerk

No. 21-50487

United States of America,

*Plaintiff—Appellee*,

*versus*

Christopher Matthew Meredith,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:19-CR-39-1

Before Stewart, Willett, and Oldham, *Circuit Judges*.
Andrew S. Oldham, *Circuit Judge*:

The question presented is whether Christopher Meredith can appeal a sentencing enhancement and restitution award in the face of an appeal waiver. He cannot. We therefore dismiss the appeal.

I.

Christopher Meredith created a fake company, supplied it with fake financials and fake contracts, and used the same to solicit more than $7 million from unwary investors. The Government indicted him. Meredith

sought a plea deal from the Government. The trial court granted several continuances to facilitate the parties' plea negotiations.

Eventually, Meredith pleaded guilty to one count of securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 77ff. The district court sentenced Meredith to 168 months' imprisonment and imposed approximately $6.8 million in restitution. In exchange for Meredith's plea, the Government agreed to dismiss five other counts, which carried a cumulative maximum of 100 years' confinement.

As part of his agreement, Meredith waived his right to appeal. Undeterred, Meredith filed a notice of appeal after sentencing. His attorney moved to withdraw and filed a brief consistent with *Anders v. California*, 386 U.S. 738 (1967). After Meredith objected, his counsel withdrew the *Anders* brief and litigated this action, arguing that (1) Meredith's restitution obligation exceeds the statutory maximum and (2) the district court erred in computing Meredith's criminal history score. Neither argument was preserved below.

## II.

The right to appeal is statutory, not constitutional. *Abney v. United States*, 431 U.S. 651, 656 (1977). The right can be waived. *See Garza v. Idaho*, 139 S. Ct. 738, 742 (2019). Such waivers often stem from plea bargaining, and plea agreements are construed like contracts. *See Puckett v. United States*, 556 U.S. 129, 137 (2009); *United States v. Bond*, 414 F.3d 542, 545 (5th Cir. 2005). Accordingly, appeal waivers require dismissal if (1) the defendant's waiver was knowing and voluntary and (2) "the waiver applies to the circumstances at hand, based on the plain language of the plea agreement." *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). We have applied this inquiry to uphold appeal waivers in a variety of contexts, including challenges to restitution, *United States v. Keele*, 755 F.3d 752, 756 (5th Cir. 2014), upward

variances, *United States v. Jacobs*, 635 F.3d 778, 783 (5th Cir. 2011), and Guidelines enhancements, *Bond*, 414 F.3d at 543–46.

Here, Meredith waived his right to appeal "on any ground," including any right he might've had to challenge a "monetary penalty or obligation." Before his plea was accepted, Meredith testified that he read the agreement, discussed it with his attorney, and understood it. Meredith also testified in response to specific questioning that he understood he agreed to an appeal waiver, to pay restitution, and to the district court's determination of that restitution. We find that his agreement was knowing and voluntary.

Nevertheless, Meredith says that he did not *really* waive his right to appeal "on any ground" and did not *really* waive his right to appeal the district court's determination of any "monetary penalty or obligation." How so, you might wonder? Meredith points out that the plea agreement, like all or virtually all such agreements executed by the Justice Department, carves out the right to appeal if the district court's sentence exceeds "the maximum sentence authorized by statute." This boilerplate language, Meredith contends, authorizes an appeal whenever the defendant thinks the district court erred in its restitution calculation.

We long ago rejected such an attempt to use the statutory-maximum boilerplate as an appeal-authorizing escape hatch. *See Bond*, 414 F.3d at 545–46. Rather, as in *Bond*, the statutory-maximum carveout authorizes an appeal *only* when the district court exceeds "the upper limit of punishment that Congress has legislatively specified for violations of a statute"—*not* when the sentencing judge commits any error under the sentencing statute. *Id.* at 546 (quotation omitted). The relevant statutory maximum in Meredith's case provides: "The court may also order restitution in any criminal case *to the extent agreed to by the parties in a plea agreement*." 18 U.S.C. § 3663(a)(3)

No. 21-50487

(emphasis added).[1] And Meredith repeatedly agreed to an unspecified amount of restitution, to be determined by the district court. In other words, the maximum restitution was set by Meredith's agreement, which in turn authorized the district court to set the amount. *See id.* § 3664(e) (allowing district courts to determine restitution amounts by preponderance of the evidence).[2]

Having waived his appeal rights, including his right to challenge "the determination of any . . . monetary penalty or obligation," and having agreed to let the district court handle the arithmetic, Meredith cannot now complain about how the numbers shook out.[3]

---

[1] Meredith suggests the district court's restitution award depends on 18 U.S.C. § 3663A. That's wrong because § 3663A does not apply to title 15 crimes like Meredith's securities fraud. *See id.* § 3663A(c)(1) (covered crimes). Rather, the statutory support for restitution in this case is the more general restitution statute in § 3663 and its authorization for restitution awards when parties agree to them. *See id.* § 3663(a)(3).

[2] The cases cited in Meredith's brief are not to the contrary. For example, Meredith cites *United States v. Chemical & Metal Industries, Inc.*, 677 F.3d 750 (5th Cir. 2012), for the proposition that a restitution order can be appealed, even when the defendant waived the right to appeal any sentence not "in excess of the statutory maximum." *Id.* at 752. Meredith's precedents are vastly different from this case, however, because in none of them did the party waive the right to appeal any "monetary penalty or obligation" ordered by the district court, nor did any of them implicate 18 U.S.C. § 3663(a)(3)'s authorization of a restitution award "to the extent agreed to by the parties in a plea agreement." *See, e.g.*, *Chem. & Metal Indus.*, 677 F.3d at 752 (noting the record contained "no evidence" of loss, which constituted reversible error where the parties did not by agreement authorize the district court to impose restitution in any amount). And in any event, each of Meredith's cases postdate *Bond* and hence cannot conflict with it. *See Gahagan v. U.S. Citizenship & Immigr. Servs.*, 911 F.3d 298, 302 (5th Cir. 2018) (rule of orderliness).

[3] Although we find that Meredith's appeal waiver bars his restitution arguments, he likely would fail to secure relief regardless. Meredith complains that the district court insufficiently credited dividends paid by his Ponzi scheme against his restitution obligation, but any further credit would necessarily demand that some of his victims go

No. 21-50487

Meredith also challenges the district court's application of an enhancement for committing an offense while under a "criminal justice sentence" pursuant to U.S.S.G. § 4A1.1(d). But his waiver forecloses this argument too. *See Bond*, 414 F.3d at 543–46; *United States v. Smith*, 404 F. App'x 884, 887 (5th Cir. 2010) (per curiam) ("We enforce broad appellate waivers and have declined to examine the correctness of applying a particular guideline where the defendant has agreed to a general waiver of the right to appeal the sentence.").

DISMISSED.

---

uncompensated. Meredith also notes that victim affidavits describing losses sum to less than the district court's restitution order. But that's unsurprising; only ~40 loss affidavits were collected out of 126 victims. Meredith also questions whether the Government sufficiently proves the amounts owed to each victim, but here the uncontroverted Pre-Sentence Report included a detailed schedule of the amounts owing to each victim. Meredith did not challenge any of these facts in the district court, so he cannot come close to showing that the district court erred, *see United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012), much less that it plainly erred, *see Puckett*, 556 U.S. at 135.