# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 3, 2023

Lyle W. Cayce
Clerk

No. 21-11173

United States of America,

*Plaintiff—Appellee*,

*versus*

Terran Oliver,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-408-2

Before Elrod, Haynes, and Willett, *Circuit Judges*.

Per Curiam:*

Terran Oliver pleaded guilty to conspiracy to commit wire fraud under 18 U.S.C. § 371 (18 U.S.C. § 1343) pursuant to a plea agreement which included a waiver of the right to appeal, including waiving the right to appeal restitution awards. The waiver included an exception (thus allowing an appeal) if the sentence exceeds "the statutory maximum punishment." Oliver filed this appeal to challenge the restitution order issued by the district

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-11173

court.[1]  The Government contends this appeal is waived.  We agree and, therefore, dismiss the appeal.

Oliver's conspiracy involved utilizing measures to steal airline miles such that the conspirators could sell airline tickets on American Airlines to travelers and keep the money.  Oliver received pay for the tickets and sent some of that money to his co-conspirator in Poland named Wojciech Borkowski.  In connection with sentencing him, the district court was required to award the losses sustained by American Airlines under the Mandatory Victims Restitution Act ("MVRA").  *See* 18 U.S.C. § 3663A(a)(1).  Because American Airlines did not present that amount to the court, the court utilized the funds sent by Oliver to Borkowski to calculate the victim's loss, resulting in a restitution amount of $369,110.90.

Oliver contends that the Government cannot use evidence of a criminal defendant's gain to approximate the victim's loss.  But he does not argue that the amount awarded actually exceeds American Airlines' losses. We have interpreted the MVRA and other statutes to place several limits on restitution awards, including that the Government must prove that the defendant proximately caused damages at least equaling the award, and that the award may not exceed the victim's loss.  *See, e.g.*, *United States v. Winchel*, 896 F.3d 387, 389 (5th Cir. 2018); *United States v. Chem. & Metal Indus., Inc.*, 677 F.3d 750, 752 (5th Cir. 2012); *see also United States v. Inman*, 411 F.3d 591, 595 (5th Cir. 2005) (holding that a restitution award exceeds statutory maximum where it is calculated using behavior other than "the conduct underlying the offense for which [the defendant] was convicted"); *United States v. Bevon*, 602 F. App'x 147, 154 (5th Cir. 2015) (per curiam) (holding

---

[1] Oliver does not raise his prison sentence of 30 months or his supervised release of one year.

No. 21-11173

that a restitution award exceeds statutory maximum where it is given for "victims other than victims of the offenses of conviction"); *United States v. Bell*, No. 21-11103, 2022 WL 17729413, at *2–3 (5th Cir. Dec. 16, 2022) (per curiam) (unpublished) (same).[2] A defendant asserting these arguments may challenge a restitution award notwithstanding an appeal waiver. *See, e.g.*, *United States v. Kim*, 988 F.3d 803, 810–11 (5th Cir.), *cert. denied*, 142 S. Ct. 225 (2021).

These well-established statutory limits on restitution awards are not at issue here. Instead, Oliver simply disagrees with the methodology used and argues about the evidence considered. While those arguments might have had merit in an appeal that was not waived, his arguments do not raise a proper claim of exceeding the statutory maximum, the only issue he can raise.[3] Thus, those arguments are waived, and we must dismiss the appeal.

DISMISSED.

---

[2] Although *Bell* and related unpublished opinions cited herein "[are] not controlling precedent," they "may be [cited as] persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

[3] A recent case from our court, raised by the Government and to which Oliver did not respond, addressed this kind of situation under a different statute. *United States v. Meredith*, 52 F.4th 984, 987 n.1 (5th Cir. 2022) (explaining that it was not addressing the MVRA). It explained that just because a party contests the amount awarded, that does not mean that the amount awarded *exceeds the statutory maximum*. *See id.* at 987. That is similar here: Oliver's challenges to the evidence do not mean that the district court exceeded the losses to American Airlines.