# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 23, 2023

Lyle W. Cayce
Clerk

No. 21-60878

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOHN WAYNE SPELL,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:19-CR-114

Before JONES, SMITH, and GRAVES, *Circuit Judges*.

PER CURIAM:*

John Wayne Spell pleaded guilty to possession of material involving the sexual exploitation of minors. The district court sentenced Spell and ordered restitution. Despite the appellate waiver included in his plea agreement, Spell now challenges his sentence and the award of restitution. After due consideration, we DISMISS the appeal.

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 21-60878

## FACTS AND PROCEDURAL HISTORY

Spell pleaded guilty to one count of possession of child pornography in violation of  18 U.S.C. § 2252(a)(4)(B).  As part of his written plea agreement, Spell waived the right to appeal his conviction and sentence, or the manner in which it was imposed, on any ground.  The district court sentenced Spell to 120 months of imprisonment, 30 years of supervised release, and imposed a $10,000 assessment pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018.  The judgment of conviction was entered on November 17, 2021.  Spell filed a notice of appeal on November 17, 2021.  Following a restitution hearing, the judgment was amended on January 25, 2022, to include restitution in the amount of $52,000.  Spell filed an amended notice of appeal to include the restitution issue on February 9, 2022.

On May 16, 2022, the government filed a motion to dismiss or, alternatively, for summary affirmance on the basis of the appeal waiver.  Spell filed opposition.  The motion was carried with the case.

## STANDARD OF REVIEW

A defendant may waive his statutory right to appeal pursuant to a valid plea agreement so long as his waiver is knowing and voluntary.  *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005).  This court reviews de novo the issue of whether an appeal waiver bars an appeal.  *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014).  "To determine the validity of an appeal waiver, this court conducts a two-step inquiry.  Specifically, this court considers whether the waiver was knowing and voluntary and whether, under the plain language of the plea agreement, the waiver applies to the circumstances at issue."  *Id*.  "In determining whether a waiver applies, this court employs ordinary principles of contract interpretation, construing waivers narrowly and against the Government."  *Id*.

No. 21-60878

## DISCUSSION

Spell asserts that the district court ordered an unreasonably high sentence and an unreasonable restitution award. Spell concedes that the relief sought is against Fifth Circuit precedent. However, he asserts that his arguments raise "important public policy and constitutional concerns that may warrant en banc consideration by this court and/or consideration by the United States Supreme Court." Spell also asserts that the appeal waiver should not be enforced because he did not know what his sentence would be when he pleaded guilty. We disagree.

This court recently considered a similar matter in *United States v. Meredith*, 52 F.4th 984 (5th Cir. 2022). In that case, Christopher Meredith attempted to appeal a sentencing enhancement and restitution award after waiving his right to appeal. This court concluded that Meredith's waiver foreclosed his arguments on appeal and dismissed his appeal. *Id.* at 988. Meredith waived his right to appeal "on any ground," including as to any "monetary penalty or obligation." *Id.* at 986. This court also concluded that the waiver was knowing and voluntary.

Spell agreed to waive his right to appeal the conviction and sentence in this matter on any ground under 18 U.S.C. § 3742 or "on any ground whatsoever." Pursuant to the plea agreement and supplement, Spell also agreed to make full restitution to all victims. Spell's agreement did not include specific language waiving his right to appeal as to any "monetary penalty or obligation." *See Meredith*, 52 F.4th at 986. However, in *Keele*, this court concluded that restitution was encompassed by a general waiver such as the one here. *Id.*, 755 F.3d at 756.

Additionally, this court has already disagreed with Spell's argument regarding his uncertainty of sentence at the time he pleaded guilty. *See*

No. 21-60878

*United States v. Melancon*, 972 F.2d 566, 567-68 (5th Cir. 1992) ("uncertainty of Appellant's sentence does not render his waiver uninformed.").

Moreover, the record in this matter supports a conclusion that Spell knowingly and voluntarily waived his appellate rights. Spell signed a written provision on the plea agreement and supplement affirming that he had read the agreement, his attorney had explained it, he understood it, and he had entered into it voluntarily and knowingly. Before Spell's plea was accepted, he testified that he had read the plea agreement and supplement, discussed it with counsel, and understood it. The district court also went over specific provisions, including the waiver, and Spell reiterated his voluntary agreement.

For these reasons, Spell's appeal is DISMISSED. The government's motion to dismiss or, alternatively, for summary affirmance is DISMISSED as moot.

4