# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-10163
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
October 2, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE LUIS MARTINEZ,

*Defendant—Appellant*.

————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-266-1

————————————————————————

Before KING, HAYNES, and GRAVES, *Circuit Judges*.

PER CURIAM:[*]

Jose Luis Martinez pleaded guilty to possession with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(B)(viii). He was sentenced within the advisory

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

guidelines sentencing range to 140 months of imprisonment and a four-year term of supervised release.  Martinez timely appealed.

In his first argument, Martinez contends that his guilty plea was unknowing and involuntary because the district did not properly admonish him as to the maximum term of supervised release.  This argument, raised for the first time on appeal, is reviewed only for plain error.  *See United States v. Alvarado-Casas*, 715 F.3d 945, 953 (5th Cir. 2013).  Martinez cannot show any error, though, because he was properly admonished that, by statute, he was exposed to a supervised-release term of not less than four years.  *See* § 841(b)(1)(B); *see also United States v. Jackson*, 559 F.3d 368, 371-72 (5th Cir. 2009) (explaining that, because § 841 does not include any maximum supervised-release term, it necessarily authorizes a maximum supervised-release term of life).  Martinez's guilty plea conviction is AFFIRMED.

In his second argument, Martinez challenges the district court's calculation of his guidelines sentencing range.  However, his plea was entered pursuant to a written agreement in which he voluntarily waived his right to appeal except in circumstances not present here.  *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005); *United States v. Portillo*, 18 F.3d 290, 292-93 (5th Cir. 1994).  The Government has invoked the appeal waiver, which bars Martinez's sentencing challenge.  *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006).  Accordingly, that portion of the appeal challenging Martinez's sentence is DISMISSED.  *See United States v. Meredith*, 52 F.4th 984, 988 (5th Cir. 2022).

AFFIRMED IN PART; DISMISSED IN PART.